For the foregoing reasons, the judgment of the district court is affirmed in all respects.

**UNITED STATES of America, Appellee,**

v.

**Jose LARA–BANDA, Appellant.**

**No. 91–3607.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 11, 1992.

Decided Aug. 14, 1992.

John L. Lane, Cedar Rapids, Iowa, argued, for appellant.

Ana Maria Martel, Asst. U.S. Atty., Cedar Rapids, Iowa, argued, for appellee.

Before BOWMAN and LOKEN, Circuit Judges, and LARSON,* Senior District Judge.

LARSON, Senior District Judge.

The United States Sentencing Commission, Guidelines Manual sets forth a detailed and complex framework by which the federal courts ascertain appropriate sentences in criminal cases. In this appeal, the issue is the proper procedure to be followed in imposing a sentence which is an upward departure from the framework of the sentencing guidelines.

Appellant Jose Lara–Banda pled guilty to re-entering and remaining in the United States illegally, after having been previously deported, in violation of 8 U.S.C. § 1326(b)(1). Although Lara–Banda has been in the United States almost continually since 1980, and married an American citizen in 1984, Lara–Banda has never ap-

---

* The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of     Minnesota, sitting by designation.

plied for an immigration visa. Lara–Banda was arrested in Iowa for the first time in November, 1980. From that time until the present, Lara–Banda has been arrested in Iowa fifteen times for a variety of offenses, including: reckless driving, intoxication, carrying a concealed weapon, criminal mischief, driving while intoxicated, and assault. In spite of the multiple arrests and charges against him, Lara–Banda has served only eight to ten months in various Iowa jails. Lara–Banda served five and one half years in a federal prison pursuant to a prior conviction for illegal entry into the United States, after which he was immediately deported for the seventh time. Approximately five months after that deportation, unrepentant and undeterred, Lara–Banda was once again arrested in Iowa. Lara–Banda has been deported by the Immigration & Naturalization Service a total of eight times, five of the deportations informal, and three formal.

The district court[1] determined that Lara–Banda's offense level was 10, and assigned him a criminal history category of V. Under the sentencing guidelines, Lara–Banda would have been sentenced to 21 to 27 months of incarceration. Finding that the criminal history category did not adequately reflect the seriousness of Lara–Banda's past criminal conduct or his high risk of recidivism, the court departed horizontally from criminal history category V to criminal history category VI, pursuant to U.S.S.G. § 4A1.3. Finding that the additional three months of incarceration provided for in criminal history category VI was still an inadequate sentence, not reflective of Lara–Banda's incorrigibility, the danger he represented to the community, and the fact that his repeated illegal entries into the United States had not been sufficiently considered, the court then departed vertically, pursuant to U.S.S.G. § 5K2.0. The court finally imposed a sentence of 48 months of incarceration.

Lara–Banda challenges his sentence, arguing specifically that his previous, lenient sentences are not sufficiently unusual in

kind or degree to warrant departure under U.S.S.G. § 4A1.3, and that the sentencing guidelines do adequately consider prior deportations, negating the propriety of considering those deportations as a factor in departure under U.S.S.G. § 5K2.0. We affirm the judgment of the district court.

The court detailed several specific reasons for its departures under both provisions of the sentencing guidelines, including: 1) Lara–Banda's proclivity for recidivism; 2) Lara–Banda's need to be deterred from future criminal conduct; 3) Lara–Banda's criminal history category which inadequately reflected the seriousness of his prior criminal acts; and 4) the fact that Lara–Banda's prior conduct shows that he represents a serious danger to the residents of Iowa. In its discussion, the court commented upon the lenient treatment received by Lara–Banda in the Iowa state courts because of their expectation that the federal authorities would "deal with him," and also commented that the previous deportations were an indication of the "recidivist nature" of Lara–Banda's character. October 28, 1991, Tr. 28–29.

■ U.S.S.G. § 4A1.3 specifically informs a sentencing court that it may depart upward if it finds that the criminal history category understates the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes. This provision sets forth specific examples, including the case of a defendant who, "(5) for appropriate reasons ... had previously received an extremely lenient sentence for a serious offense." We are satisfied that the court considered appropriate factors and followed the proscribed procedure for an upward departure under this provision of the sentencing guidelines. *See United States v. Anderson*, 886 F.2d 215 (8th Cir.1989).

■ We review sentences departing from the sentencing guidelines pursuant to both sections at issue here under the three part test of *United States v. Diaz–Villa-*

**1.** The HONORABLE DAVID R. HANSEN, a United States District Judge for the Northern District of Iowa at the time judgment was entered, was appointed to the United States Court of Appeals for the Eighth Circuit on November 18, 1991.

*fane,* 874 F.2d 43 (1st Cir.), *cert. denied,* 493 U.S. 862, 110 S.Ct. 177, 107 L.Ed.2d 133 (1989), and *United States v. Thomas,* 914 F.2d 139 (8th Cir.1990). Under that test we must consider: 1) as a question of law, whether the circumstances the district court relied on for departure are sufficiently unusual in kind or degree to warrant departure; 2) as a question of fact, whether the circumstances justifying departure actually exist; and 3) whether or not the sentence is reasonable. *Thomas,* 914 F.2d at 143. After reviewing the record, it is clear to us that the aggravating circumstances required by U.S.S.G. § 5K2.0 do warrant departure. The court did not err in determining that an unrepentant, incorrigible recidivist, who poses a significant threat to the safety of the community, should have a sentence imposed which is more severe than that described by the sentencing guidelines. We are also satisfied that those factors actually existed and that the court's upward departure was eminently reasonable.

 We review the reasonableness of an upward departure, based on circumstances not adequately considered by the sentencing guidelines, under an abuse of discretion standard. *United States v. Carey,* 898 F.2d 642, 645 (8th Cir.1990). This review is "quintessentially a judgment call" and we respect the district court's superior "feel" for the case. *United States v. Perkins,* 929 F.2d 436, 439 (8th Cir.1991); *United States v. Snover,* 900 F.2d 1207, 1211 (8th Cir.1990). The Court did not abuse its discretion in this instance.

Lara–Banda has vigorously urged this court to adopt a new standard of review, contending that the test of reasonableness leads to disparity in sentencing among similarly situated defendants. We refuse to do so. The courts are free to exercise their discretion, and we are confident that the sentences imposed will continue to be both fair and reasonable.

For the foregoing reasons, the judgment of the district court is affirmed.