UNITED STATES of America, Appellee,

v.

Kim Rolene SWEET, Appellant.

No. 92–1434.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 12, 1992.

Decided Feb. 17, 1993.

Paul Engh, Minneapolis, MN, argued, for appellant.

Paul A. Murphy, Asst. U.S. Atty., Minneapolis, MN, argued, for appellee.

Before MCMILLIAN, MAGILL, and HANSEN, Circuit Judges.

HANSEN, Circuit Judge.

Kim Rolene Sweet was convicted of making a false bomb threat concerning a Northwest Airlines passenger plane pursuant to 18 U.S.C. § 35(b). The district court[1] sentenced her to a 30–month term of imprisonment. She appeals and argues two issues: (1) 18 U.S.C. § 35(b) is a specific intent statute and therefore the district court erred in not giving a specific intent instruction to the jury; and (2) the district court abused its discretion in departing upward from the applicable sentencing guideline range. We affirm.

I.

On August 29, 1991, at 1:37 p.m., Sweet made an anonymous phone call to Northwest Airlines from a phone booth at the Minneapolis public library. She warned the Northwest switch board operator that a bomb would blow up a passenger airliner traveling from Minneapolis to Los Angeles later that night. After repeating this threat three times, she hung up.

Several minutes later, at approximately 1:45 p.m., Sweet walked into the federal courthouse in Minneapolis. A security guard noticed her and detained her in his office. Sweet requested to see Deputy United States Marshal Charles Shay. Shortly thereafter, Shay arrived and Sweet admitted to him that she had made the bomb threat. She told him that she had

researched various criminal statutes on airplanes and automobiles in the public library minutes before making the phone call. She was arrested and later indicted on one count of threatening to destroy an airliner in violation of 18 U.S.C. § 35(b). A jury convicted Sweet and she appeals.

II.

Section 35(b) reads:

Whoever willfully and maliciously, or with reckless disregard for the safety of human life, imparts or conveys or causes to be imparted or conveyed false information, knowing the information to be false, concerning an attempt or alleged attempt being made or to be made, to do any act which would be a crime prohibited by this chapter or chapter 97 or chapter 111 of this title—shall be fined not more than $5,000, or imprisoned not more than five years, or both.

18 U.S.C. § 35(b). The district court instructed the jury that the government had the burden of proving beyond a reasonable doubt the following four elements of this offense: "(1) [Sweet] conveyed or imparted information which was in fact false; (2) When [Sweet] conveyed or imparted the information, she knew it was false; (3) [Sweet] knowingly, intentionally, voluntarily and maliciously conveyed or imparted the false information; and (4) the information imparted or conveyed concerned an alleged attempt being made, or to be made, to place a bomb on Northwest Flight 60 with the intent that the said civil aircraft operating in interstate commerce would be destroyed."

Sweet first argues that the district court erred in refusing to instruct the jury that § 35(b) is a "specific intent" statute. We disagree. The legislative history of this statute is persuasive that § 35(b) is not a "specific intent" statute. See United States v. Allen, 317 F.2d 777, 778 (2nd Cir.1963). In this circuit, "[u]nless used in the statute itself or unless the crime falls within that rare type of offense where defendant's knowledge that [s]he is violating

1. The Honorable David S. Doty, United States District Judge for the District of Minnesota.

the law is an element of the offense, there is no occasion for an instruction defining specific intent." *United States v. Dougherty,* 763 F.2d 970, 974 (8th Cir.1985); *see also United States v. Galyen,* 798 F.2d 331, 333 (8th Cir.1986). Neither predicate exists in this case. Instead, the jury instructions must adequately define the requisite mental state which the statute requires for the particular crime charged. *Dougherty,* 763 F.2d at 973–74; *see also Model Criminal Jury Instructions of the Eighth Circuit,* p. 324 (West Publishing Co. 1992) (committee comments to specific intent instruction).

■ Sweet also argues that the district court erred in defining the word "maliciously." The district court defined maliciously as "an intent to vex, annoy, or injure another or an intent to do a wrongful act. A defendant acts maliciously if she acts intentionally or with willful disregard of the likelihood that damage or injury will result." Sweet objected and argued that the definition of "maliciously" should also include the phrase "to do so with an evil motive or purpose."

"The district court has broad discretion in choosing the form and language of the [jury] instructions." *United States v. Lyon,* 959 F.2d 701, 706 (8th Cir.1992) (citing *United States v. Hiland,* 909 F.2d 1114, 1128 (8th Cir.1990)). We note that at common law, one acts "maliciously" if she acts "intentionally or with willful disregard of the likelihood that damage or injury will result." *McFadden v. United States,* 814 F.2d 144, 146 (3rd Cir.1987) (internal citations omitted). The jury instructions in this case contained language identical to that of the common law. After thorough review, we hold that the jury instructions adequately stated the requisite mental state required to convict Sweet of violating 18 U.S.C. § 35(b).

## III.

Sweet next contends that the district court abused its discretion by departing upward from the applicable sentencing guideline range. We disagree.

■ The district court may depart from the sentencing guidelines if it finds "that there exists an aggravating or mitigating circumstance not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." *See* 18 U.S.C. § 3553(b) (1992). We follow a three-step analysis when reviewing the reasonableness of sentences departing from the guidelines. *United States v. Lara–Banda,* 972 F.2d 958, 959–60 (8th Cir.1992). First, as a question of law, we determine "whether the circumstances the district court relied on for departure are sufficiently unusual in kind or degree to warrant departure." *Id.* at 960 (citing *United States v. Thomas,* 914 F.2d 139 (8th Cir.1990)). Second, as a question of fact, we determine "whether the circumstances justifying departure actually exist." *Id.* Finally, with deference to the district court, we review the reasonableness of the degree of departure under an abuse of discretion standard. *Id.* "Because the district court's determination of a sentence is a 'judgment call,' we must give due regard to the district court's superior 'feel for the case.'" *United States v. Morse,* 983 F.2d 851, 853–54 (8th Cir.1993) (quoting *United States v. Snover,* 900 F.2d 1207, 1211 (8th Cir.1990)).[2]

In departing upward from Sweet's otherwise applicable guideline range of 15 to 21 months, the district court relied on United States Sentencing Guidelines § 4A1.3. Section 4A1.3 states in part:

**2.** We note the apparent conflict in this circuit's precedents regarding the issue of whether it is the district court's determination of the extent of its departure that is a "judgment call," *Morse,* at 853–54 or whether it is this court's review of the reasonableness of the extent of the departure that is "quintessentially a judgment call." *United States v. Lara–Banda,* 972 F.2d 958, 960 (8th Cir.1992) (citing *United States v. Perkins,* 929 F.2d 436, 439 (8th Cir.1991) and *United States v. Snover,* 900 F.2d 1207, 1211 (8th Cir. 1990)). The original source for this circuit's standard of review of the issue is *United States v. Diaz–Villafane,* 874 F.2d 43, 49–50 (1st Cir. 1989), an opinion authored by Judge Selya. Our close reading of *Diaz–Villafane* leads this panel to subscribe to the *Morse* interpretation.

If reliable information indicates that the criminal history category *does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes,* the court may consider imposing a sentence departing from the otherwise applicable guideline range. Such information may include, but is not limited to, information concerning:

.　　.　　.　　.　　.

(e) prior similar adult criminal conduct not resulting in a criminal conviction.

U.S.S.G. § 4A1.3 (November 1, 1991) (emphasis added).

The district court made specific factual findings which are supported by the record for departing upward. *See* Appendix II Sentencing Memorandum. The court found that Sweet's criminal history point total did not adequately reflect the seriousness of her past conduct, in part because she had been arrested for a number of past offenses that did not result in criminal convictions, including one disorderly conduct charge and two charges of fleeing a police officer. Also, Sweet had received the benefit of two deferred prosecutions: one in California for threatening the life of the President of the United States and the other in Minnesota for threatening the life of the President and for threatening to murder a Secret Service special agent. In addition, the court found that there is a substantial likelihood that Sweet will commit future crimes. Specifically, Sweet continues to make phone calls and write letters to a deputy United States Marshal threatening to kill him and his family. While incarcerated in jail on the instant offense, she also obtained a pin out of a weight machine. She indicated that she was going to sharpen the pin and use it to attack either court personnel or the judge.

After thoroughly reviewing the record, we conclude that the facts relied upon by the district court are sufficient to justify the upward departure and that the additional nine month upward departure is reasonable. We hold that the district court did not abuse its discretion.

IV.

Accordingly, we affirm the judgment of the district court.