**UNITED STATES of America, Appellee,**

v.

**Lawrence A. SAFFEELS, Appellant.**

No. 94–2114.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 12, 1994.

Decided Nov. 1, 1994.

Gary W. Conklin, Sioux Falls, SD, argued, for appellant.

Thomas J. Wright, Sioux Falls, SD, argued (Michelle G. Tapken, on the brief) for appellee.

Before FAGG, Circuit Judge, LAY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

BOWMAN, Circuit Judge.

Lawrence A. Saffeels appeals a sentence of 300 months imposed by the District Court [1] following Saffeels's convictions for illegally possessing a firearm and possessing an unregistered firearm in violation of 18 U.S.C. § 922(g)(1) and 26 U.S.C. § 5861(d). We affirm.

## I.

This is Saffeels's second appeal of a sentence imposed by the District Court. Saffeels's convictions and his first sentence of 360 months were upheld by this Court in *United States v. Saffeels,* 982 F.2d 1199 (8th Cir.1992). After granting certiorari, the Supreme Court vacated our judgment and remanded the case for further consideration in light of its decision in *Stinson v. United States,* —— U.S. ——, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993) (holding that possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) is not a "crime of violence" for purposes of United States Sentencing Guidelines § 4B1.2(1)). *Saffeels v.*

---

1. The Honorable John B. Jones, United States District Judge for the District of South Dakota.

*United States,* —— U.S. ——, 114 S.Ct. 41, 126 L.Ed.2d 12 (1993).

On remand, the District Court determined that Saffeels's sentencing range under the Guidelines was 46 to 57 months and that 18 U.S.C. § 924(e)(1) prescribed a mandatory minimum sentence of 180 months. Based on Saffeels's extensive criminal history, his incorrigibility, and the need for deterrence, the District Court departed upward from the 180 month mandatory minimum and sentenced Saffeels to 300 months imprisonment followed by five years of supervised release. Saffeels claims that the District Court (1) abused its discretion by not granting him a ten-day continuance to review his presentence report; (2) "double-counted" his criminal history points; (3) failed to make specific findings on disputed matters contained in the presentence report; and (4) abused its discretion in departing upward from the Sentencing Guidelines.

II.

■ We first address Saffeels's contention that the District Court erred in refusing to grant him a ten-day continuance to review his presentence report as required by Federal Rule of Criminal Procedure 32(c). There is no dispute that Saffeels received the original presentence report over two years prior to his April 18, 1994, resentencing hearing. However, on April 7 and 15, 1994, Saffeels received memoranda from the probation office which he claims altered the presentence report by recommending an upward departure. In addition, the April 7 memorandum reduced the guideline range of imprisonment for Saffeels to 262 to 327 months, a range that the April 15 memorandum further reduced to 180 months. Saffeels claims that the timing of these memoranda prevented him from adequately challenging the recommended upward departure. Because Saffeels received the April 7 memorandum more than the required ten days prior to his April 18 resentencing hearing, we address only the effect of the April 15 memorandum.

Rule 32(c)(3)(A) requires the sentencing court to provide the defendant and his counsel with a copy of the report of the presentence investigation at least ten days before imposing sentence. However, Rule 52(a) provides that "[a]ny error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." Therefore, unless Saffeels's substantial rights were prejudiced as a result of the District Court's refusal to continue the sentencing for ten days after Saffeels was provided with a copy of the presentence report as amended by the April 15 memorandum, Rule 32(c)(3)(A) does not provide a basis for vacating Saffeels's sentence and remanding for resentencing. *See United States v. Barry,* 938 F.2d 1327, 1339 (D.C.Cir.1991).

Rule 32(c)(3)(A) operates to "permit the assertion and resolution of claims of inaccuracy [in the presentence report] prior to the sentencing hearing." Fed.R.Crim.P. 32 advisory committee's note on 1983 Amendment. Having reviewed the original presentence report as well as the April 7 and 15 memoranda, we are satisfied that Saffeels's right to correct any inaccuracies in the presentence report was fully effectuated here. Saffeels had over two years in which to object to any inaccuracies in the report. By his own account, Saffeels raised fifty-six written objections to the report prior to his initial sentencing, and an additional eighteen objections at the initial sentencing hearing. Thus, his claim that he was not given an opportunity to challenge information used as the basis for an upward departure is without merit.

Moreover, Saffeels had adequate notice that the District Court was considering an upward departure. The April 7 memorandum, issued more than ten days before resentencing, recommended an upward departure. Further, at the April 7 resentencing hearing, the District Court stated that it would grant Saffeels's request for a ten-day continuance specifically because the Court was considering an upward departure based on Saffeels's criminal history and his use of weapons. Thus, Saffeels had ample opportunity to prepare objections to the report's recommendation of an upward departure from the guideline range.

The only substantive alteration contained in the April 15 memorandum was a *downward* adjustment of the guidelines range set

forth in the April 7 memorandum. According to Saffeels, that downward adjustment was made in response to his own objection to the probation office's use of the 1993 rather than the 1989 Guidelines Manual. Saffeels cannot now argue that his substantial rights were prejudiced because he was unfamiliar with the basis of the downward adjustment which he himself secured. We conclude that nothing in Saffeels's receipt of the April 15 memorandum three days before his sentencing in any way prejudiced his substantial rights under Rule 32(c)(3)(a). Accordingly, we find no abuse of discretion in the District Court's refusal to grant Saffeels an additional ten-day continuance.

### III.

■ We turn next to Saffeels's contention that the District Court impermissibly double-counted Saffeels's criminal history points by using three prior felony convictions to enhance his sentence under 18 U.S.C. § 924(e)(1), as well as to calculate his criminal history score under U.S.S.G. § 4A1.1 (1989), which further enhanced his sentence. Although this Circuit has not specifically addressed double-counting in the context of § 924(e)(1), the issue has been encountered by the Eleventh Circuit. In *United States v. Wyckoff*, 918 F.2d 925 (11th Cir.1990), that circuit held that ·a prior felony conviction could be used as the predicate both for establishing a defendant's base offense level under U.S.S.G. § 2K2.1(a) and for calculating his criminal history category under · § 4A1.1. The Court reasoned that while the base offense inquiry reflects the seriousness of the offense, the criminal history score assesses the offender and the need to deter him from further criminal activity. *Id.* at 927. Because the Guidelines embody these two distinct notions of sentencing, the Court held that it was permissible to use the prior felony conviction in both calculations. *Id.* at 927. *See also United States v. Adeleke*, 968 F.2d 1159, 1161 (11th Cir.1992) (double-counting permissible if Commission intended the result and each statutory section concerns con-

ceptually separate notions relating to sentencing); and *United States v. Aimufua*, 935 F.2d 1199, 1201 (11th Cir.1991) (to same effect).

We find the Eleventh Circuit's analysis to be helpful here. Although, in our view, the present case differs somewhat from *Wyckoff* in that triple-counting, rather than double-counting, is involved,[2] we find the difference to be immaterial. *See United States v. Oliver*, 20 F.3d 415, 419 (11th Cir.1994) (triple-counting is permissible under the *Wyckoff* analysis). As in *Wyckoff*, the provisions at issue here address divergent sentencing policies. Sections 922(g) and 924(e)(1) address the seriousness of the offense. Section 922(g) proscribes possession of a firearm by a felon. Because Congress elected to treat possession of a firearm by a felon convicted of multiple felonies as a more serious offense than similar possession by a felon convicted of a single felony, § 924(e)(1) prescribes a penalty based on the number of the defendant's prior felony convictions. Section 4A1.1, on the other hand, addresses a different sentencing concern, namely, assessing a defendant's propensity for recidivism and the need for future deterrence. *See* U.S.S.G. § 4A1.1 introductory commentary. Thus, the District Court's consideration of Saffeels's prior felony convictions for the discrete purposes contemplated by § 4A1.1 was not inappropriate.

We believe that the foregoing analysis is also consistent with this Court's analysis of the double-counting issue in escape cases. Although we have acknowledged that in escape cases "a double-counting argument can be plausibly made," we have aligned ourselves with six other circuits in concluding that "the unambiguous language of the enhancement provisions does not provide any exception for the offense of escape, indicating the Commission's intent that the enhancement provisions apply." *United States v. Thomas*, 930 F.2d 12, 14 (8th Cir.1991); *see also United States v. Burnett*, 952 F.2d 187, 189 (8th Cir.1991). Likewise, we find that §§ 922(g) and 924(e)(1) and § 4A1.1 are un-

---

**2.** Saffeels's prior felony convictions were used in three ways: (1) to convict him as a felon-in-possession under 18 U.S.C. § 922(g); (2) to en-

hance his sentence under § 924(e)(1); and (3) to determine his criminal history category under U.S.S.G. § 4A1.1.

ambiguous in requiring consideration of prior felony convictions. We find no exception to this requirement in the guidelines or the accompanying commentary. Absent such an exception, the statutory-interpretation analysis we have applied to the guidelines in escape cases compels the conclusion that the triple-counting here is permissible.

Saffeels contends that we should adopt the presumption that double-counting was not intended by the Commission. In support of this contention, he cites *United States v. Romano*, 970 F.2d 164 (6th Cir.1992), a case that relied on language from this Court's decision in *United States v. Werlinger*, 894 F.2d 1015 (8th Cir.1990), to support a presumption against double-counting. We are not persuaded. In *United States v. Willis*, 997 F.2d 407, 418 (8th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 704, 126 L.Ed.2d 670 (1994), we expressly rejected *Romano*. In *Werlinger*, we held that the defendant's attempt to conceal an embezzlement prior to an FBI investigation of the crime was part of the embezzlement itself and could not be used to establish "willful obstruction of justice" for purposes of enhancing the defendant's sentence under § 3C1.1 of the guidelines. *Werlinger* merely required us to decide whether the defendant's concealment was part of the offense of embezzlement as defined by statute. Here, no definitional ambiguity exists. The plain language of both § 924(e)(1) and § 4A1.1 requires the sentencing court to consider prior felony convictions. Saffeels asks this Court to enjoin application of one of these two provisions. Absent evidence that the Commission intended for only one of the provisions to apply, we refuse to do so.

For the reasons we have discussed above, we hold the District Court did not impermissibly triple-count Saffeels's prior felony convictions.

## IV.

■ Saffeels next contends that the District Court erred in failing to make specific findings on disputed matters contained in the presentence report. Federal Rule of Criminal Procedure 32(c)(3)(D) requires the sentencing court to append to the presentence report specific factual findings but only if the defendant or the defendant's counsel "allege any factual inaccuracy in the presentence investigation report. . . ." Saffeels made a number of specific objections to the presentence report prior to his original sentencing on March 30, 1992. The District Court sustained several of those objections and ordered the report to be amended accordingly. The rest of Saffeels's objections were either overruled or found to be irrelevant to sentencing. We have carefully reviewed the transcript of the April 18, 1994, resentencing hearing and nowhere do we find that either Saffeels or his counsel alleged any factual inaccuracy in the amended presentence investigation report. Absent specific allegations of factual mistake, the District Court was not obligated to make findings under Rule 32. *See United States v. Toirac*, 917 F.2d 11, 13 (8th Cir.1990). Saffeels's argument therefore must fail.

## V.

■ We come now to Saffeels's claim that the District Court abused its discretion in departing upward from the guideline range. Our approach in reviewing a district court's departure from the sentencing guidelines is set forth in *United States v. Lara-Banda*, 972 F.2d 958, 959–60 (8th Cir.1992). Under that approach we consider: "1) as a question of law, whether the circumstances the district court relied on for departure are sufficiently unusual in kind or degree to warrant departure; 2) as a question of fact, whether the circumstances justifying departure actually exist; and 3) whether or not the sentence is reasonable." *Id.* at 959–60.

## A.

■ The District Court based its upward departure on Saffeels's extensive criminal history and on its conclusion that Saffeels was incorrigible and thus needed to be deterred from future criminal activity. The sentencing guidelines expressly direct the district court to consider departing upward "[i]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of *the defendant's*

past criminal conduct or the likelihood that the defendant will commit other crimes . . . ." U.S.S.G. § 4A1.3 (emphasis added). Thus, the Sentencing Commission explicitly has recognized that in some instances a defendant's criminal history or incorrigibility will not be adequately factored into the guideline range. See, e.g., United States v. Carey, 898 F.2d 642, 645–46 (8th Cir.1990). Such is the case here. We find that as a matter of law the factors considered by the District Court formed an appropriate basis for an upward departure from the guideline range.

### B.

With respect to the second step in our review of the upward departure, we find no error, clear or otherwise, in the District Court's implicit finding that the factors it considered did indeed exist. These factors include Saffeels's twenty-six criminal history points, two uncounted prior juvenile convictions, two uncounted adult convictions, and six pending armed robbery charges. All these matters are documented in the presentence report upon which, absent objections from Saffeels, the District Court was entitled to rely. See United States v. Beatty, 9 F.3d 686, 690 (8th Cir.1993) (court may rely upon facts in presentence report which are not disputed by defendant).

### C.

■ Having determined that it was legally permissible for the District Court to depart upward from the applicable guideline range, we next consider the reasonableness of the resulting sentence. Lara–Banda, 972 F.2d at 960. We find that the sentence of 300 months imposed by the District Court was not an unreasonably high departure from the guideline range. Our finding is assisted by our decision in Carey, 898 F.2d 642, a case remarkably similar to this one. In Carey, the defendant was convicted under § 924(e)(1), just as Saffeels has been, and the district court departed upward from the mandatory minimum of 180 months to a sentence of 228 months. We held the departure to be reasonable, noting that the sentence was well within the maximum of life imprisonment authorized by § 924(e)(1). Id. at

646. We also observed that a pre-guidelines sentence of 276 months had been upheld by the Fourth Circuit for a violation of the predecessor to § 924(e). Id. at 647; see United States v. Blannon, 836 F.2d 843 (4th Cir.), cert. denied, 486 U.S. 1010, 108 S.Ct. 1741, 100 L.Ed.2d 204 (1988).

Although Saffeels's sentence exceeds the sentence imposed in either Carey or Blannon, we find that it is warranted by Saffeels's extensive criminal history and the failure of prior incarcerations to deter him from criminal activity. Even when Saffeels's uncounted juvenile and adult convictions are excluded, his twenty-six criminal history points are double the number required to reach the highest criminal history category contained in the guidelines. Moreover, none of the numerous periods of incarceration reflected in the presentence report seems to have had any dampening effect on Saffeels's willingness to engage in criminal activity. Indeed, Saffeels committed the instant offenses less than three months after being paroled in connection with a similar offense. By the time of his original sentencing for the instant offenses, Saffeels had been charged with six additional armed robberies in two states and was wanted in connection with a stolen vehicle in a third. In these circumstances, we do not believe that the District Court abused its discretion in sentencing Saffeels to 300 months.

■ We are further assured of the reasonableness of Saffeels's sentence when we consider the sentence he would have received under the guidelines in effect at the time of his resentencing. Under those guidelines, Saffeels's offense level would have been thirty-four, and he would have been sentenced to a minimum of 300 months. The District Court did not rely on the subsequent guidelines and, accordingly, our decision does not turn on that issue. Nonetheless, we believe that subsequent guidelines can be a useful touchstone in making the determinations of reasonableness called for in upward departure cases. See United States v. Willey, 985 F.2d 1342, 1350 (7th Cir.1993) (approving use of sentence that would have been imposed under subsequent, harsher guidelines as a model for upward departure).

We conclude here, as we did in *Lara–Banda*, that "the court did not err in determining that an unrepentant, incorrigible recidivist, who poses a significant threat to the safety of the community, should have a sentence imposed which is more severe than that described by the sentencing guidelines." 972 F.2d at 960.

## VI.

Having considered all of Saffeels's arguments, we affirm the judgment of the District Court.