UNITED STATES of America, Appellee,

v.

Martin JOSHUA, Appellant.

No. 94–1977.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 11, 1994.

Decided Nov. 21, 1994.

Lorraine Snead Ingels, Cedar Rapids, IA, argued, for appellant.

Timothy T. Jarman, Sioux City, IA, argued (Steven M. Colloton, on the brief), for appellee.

Before MAGILL, FAGG and MORRIS SHEPPARD ARNOLD, Circuit Judges.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Witnesses testified that Martin Joshua and two companions drove to the Metro High School in Cedar Rapids in a silver Lincoln and parked across the street from a basketball court. They stood in line on the sidewalk and stared across the street at the players in a basketball game. They held their hands under their shirts as if they were concealing weapons. Joshua opened the trunk of the Lincoln and he and his companions shuffled items around in the trunk. A witness saw Joshua wrap a gun in a green t-shirt and place it in the trunk of the car. Police arrived, looked in the trunk of the car, and found a loaded Tech-9 semi-automatic firearm wrapped in a green shirt. The serial number had been ground off. Police also found nine individually wrapped rocks of crack cocaine in the car.

Joshua pleaded guilty to possession of a firearm in a school zone in violation of 18 U.S.C. § 922(q) and possession of just under a gram of crack cocaine in violation of 21 U.S.C. § 844(a). At sentencing, the district court determined that the base offense level for the firearms charge was eight under section 2K2.5, and that the base offense level for the drug charge was also eight under section 2D2.1. The district court gave Joshua a two-point reduction for acceptance of responsibility on each count. Defendant was placed in criminal history category I. (The Guidelines required the district court to determine each sentence separately because the sentence for possession of a firearm in a school zone cannot run concurrently with any other term. See 18 U.S.C. § 924(a)(4); U.S.S.G. § 5G1.2(a).) The sentencing range for each count, based on an offense level of six and a criminal history category of I, was zero to six months imprisonment.

The government requested two upward departures under the Guidelines, which the district court granted. The district court made a departure for the seriousness of the firearm under U.S.S.G. § 5K2.6, increasing the offense level from six to nine. The district court also made a departure based on the inadequacy of Joshua's criminal history, increasing the criminal history category from I to II. The court sentenced Joshua to eighteen months, one year for the firearm and six months for the drugs. Joshua contends that the upward departures, as well as the degree of departure, were improper. The court concludes that the district court's judgment was correct on one departure, but questionable on the other, and will remand for reconsideration.

## I.

■ This circuit follows a three-step analysis when reviewing the reasonableness of sentences departing from the Guidelines U.S.S.G. 1B1.1 et seq. First, as a question of law, the court determines whether the circumstances on which the district court relied for departure are sufficiently unusual in kind or degree to warrant departure. Second, as a question of fact, the court determines whether the circumstances justifying departure actually exist. Third, with deference to the district court, the court reviews the reasonableness of the degree of departure under an abuse of discretion standard. *See, e.g., United States v. Sweet,* 985 F.2d 443, 445 (8th Cir.1993).

## II.

■ Under the Guidelines, if the defendant possessed a weapon in the commission of the offense, the court may increase the sentence above the authorized guideline range. "The extent of the increase ordinarily should depend on the dangerousness of the weapon, the manner in which it was used, and the extent to which its use endangered others." U.S.S.G. § 5K2.6, p.s. The district court stated at sentencing:

I think that as to the weapons charge, which is Count 1, an upward departure is appropriate under 5K2.6, due to the dangerousness of the weapon involved. A Tech 9 across the street from a school is a very serious situation. It's an extremely dangerous weapon. It's a semiautomatic weapon. It's a weapon that can accommodate an oversized clip so that multiple rounds can be discharged at a very rapid rate. I think that an upward departure under 5K2.6 is very warranted in this case.

Appellant's Br., Addendum, at 18–19; Sentencing Hearing Tr. at 82–83.

■ Joshua argues that section 5K2.6, which penalizes use of a weapon in the commission of an offense, may be used only to enhance a non-weapons charge. We believe that this reading of section 5K2.6 is too narrow. Under 18 U.S.C. § 3553(b), the sentencing court may impose a sentence outside the range established by the applicable guideline, if the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described. U.S.S.G. § 5K2.0, p.s. Policy statements such as section 5K2.6 merely "seek[ ] to aid the court by identifying some of the factors that the Commission has not been able to take into account fully in formulating the guidelines." *Id.*

■ The Guidelines permit the district court to consider the especially dangerous nature of a weapon under section 5K2.6 in making an upward departure. Even where the applicable offense guideline and adjustments take into consideration a factor listed in the policy statements, departure from the applicable guideline range is warranted if the factor is present to a degree substantially in excess of that which is ordinarily involved in the offense. *See.* U.S.S.G. § 5K2.0, p.s. The base offense guideline for 18 U.S.C. § 922(q) penalizes simply the possession of a firearm within a school zone. *See* U.S.S.G. § 2K2.5. It does not take into account whether the firearm was loaded, semi-automatic, easily accessible, or had an obliterated serial num-

ber. *See id.* All of these aggravating facts appear here. For an especially serious weapon, the district court has leeway to enhance the sentence accordingly, even in a weapons charge.

## III.

■ In making an upward departure for adequacy of criminal history, the court relied on Joshua's presentence report ("PSR"). Joshua did not dispute the PSR's rendition of his criminal history, and the facts therein therefore stand as admitted. *See United States v. Flores,* 9 F.3d 54, 55–56 (8th Cir. 1993).

On September 21, 1988, Joshua was charged with conversion for shoplifting $426.85 worth of clothing. The Indiana juvenile court placed him on unofficial probation or "informal adjustment." PSR ¶ 49. (An Indiana court may prescribe informal adjustment if it has "probable cause to believe that the child is a delinquent child or a child in need of services." *See* Ind.Code § 31–6–4–12 (1994). Informal adjustment thus appears to be a form of pretrial diversion which takes the defendant out of the criminal justice system and refers the defendant to the jurisdiction of social welfare services.) Joshua was not represented by counsel in this matter.

On October 8, 1989, Joshua was charged with conversion for shoplifting $253.67 worth of merchandise. He was again referred to informal adjustment. PSR ¶ 50. Joshua was not represented by counsel in this matter either.

On March 26, 1991, Joshua was charged with resisting arrest, but the PSR provides no details, except that the charges were dismissed a month later. PSR ¶ 51.

On March 31, 1992, Joshua was again charged with conversion. As to this offense, the PSR states that Joshua *allegedly* shoplifted clothing worth $82.90. PSR ¶ 53.

On June 19, 1992, Joshua was charged with operating a motor vehicle without a license. The PSR states that Joshua *allegedly* drove a vehicle without a license. PSR ¶ 54. Both of these 1992 charges were dismissed in October 1993 when Joshua turned 18 years of age. PSR ¶¶ 53, 54.

There were also pending charges against Joshua at the time of his sentencing. He was arrested on August 18, 1993 for criminal trespass to a vehicle. PSR ¶ 57. He was arrested on September 5, 1993 for possession of a gun without a permit and possession of a controlled substance. PSR ¶ 58. He was also arrested September 25, 1993 for visiting a common nuisance. PSR ¶ 59. Only as to the September 5 arrest does the PSR provide any detail. Police found Joshua riding in a car with several other men. The PSR states that police found a .357 caliber firearm and a live .357 caliber shell next to Joshua's foot. PSR ¶ 58. Joshua was also found in possession of "a white rock-like substance," but the PSR does not say what this substance was. Other guns and drugs were also found in the car.

At sentencing, the court stated:

> I think an upward departure based on inadequacy of criminal history is ... warranted based upon the notice given by the Government. This defendant has a serious criminal record given his relatively young age. He's only in a Criminal History Category I due to mainly the fact that most of the charges that have been filed against him were dismissed or adjudicated through juvenile court. I think that a departure on inadequacy of criminal history category is certainly warranted.

Appellant's Br., Addendum, at 19; Sentencing Hearing Tr. at 83.

■ Under the Guidelines, "[i]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range." U.S.S.G. § 4A1.3, p.s. The sentencing court may consider prior sentences, prior similar

civilly-adjudicated misconduct, and prior similar adult criminal conduct not resulting in conviction. A prior arrest record standing alone, however, cannot be considered. *Id.*

■ Joshua's juvenile conduct can be used as a basis for departure, particularly if it is similar, or dissimilar but serious conduct. *See* U.S.S.G. § 4A1.2 comment. (n. 8) (if a sentence imposed outside the time periods in section 4A1.2(d) or (e) is evidence of similar, or serious dissimilar, criminal conduct, the court may consider this information in determining whether an upward departure is warranted under § 4A1.3); *United States v. Sweet,* 985 F.2d 443, 446 (8th Cir.1993) (adult criminal conduct for which defendant was arrested may be considered under 4A1.3); *United States v. Griess,* 971 F.2d 1368, 1374 (8th Cir.1992) (juvenile convictions excluded from defendant's criminal history may be considered under 4A1.3); *see also United States v. Doe,* 18 F.3d 41, 45–47 (1st Cir. 1994) (Guidelines allow consideration of juvenile criminal conduct).

■ We believe, however, that only certain incidents in Joshua's criminal history may be used to establish past criminal conduct. The district court could consider Joshua's early shoplifting crimes, for which the PSR provides admitted facts. None of the other juvenile incidents can be considered. The charge of resisting arrest provides no facts; hence, it is merely a record of arrest. As to the 1992 arrests for shoplifting and driving without a license, these are nothing but charges, because the PSR merely states that Joshua *allegedly* did these things, not that he in fact did them. *See* PSR ¶¶ 53, 54.

■ As to the pending charges, the PSR established only that Joshua possessed a gun without a permit. Two charges (trespass and visiting a common nuisance) are merely arrests and cannot be considered. The PSR also fails to state what controlled substance Joshua supposedly possessed. The Guidelines do not allow the district court to consider pending charges unless the conduct underlying those charges is admitted. We do not understand *United States v. Morse,* 983 F.2d 851, 854 (8th Cir.1993) to be to the contrary. We are unable to determine, however, whether the district court relied on the pending charges in concluding that Joshua's criminal record was both serious and inadequate.

■ The reliable information in the PSR regarding Joshua's criminal history is therefore limited to the two oldest shoplifting incidents and the recent incident involving possession of a gun without a permit. While the two shoplifting incidents standing alone are not particularly serious, and bear no similarity to the instant charges, *see* U.S.S.G. § 4A1.2, comment. (n. 8), such pretrial diversions may be used to enhance a sentence on the basis that a defendant's criminal history is inadequately rated, for they may be evidence that leniency has not been effective. *See United States v. Lang,* 898 F.2d 1378, 1380 (8th Cir.1990).

■ Since it does not appear that the district court confined its consideration of Joshua's criminal history to the shoplifting and gun possession incidents when it departed on the gun charge, we remand the case for reconsideration of the sentence. *See Williams v. United States,* — U.S. —, ——-——, 112 S.Ct. 1112, 1120–21, 117 L.Ed.2d 341 (1992).

### IV.

For the foregoing reasons, the court vacates the sentence and remands for resentencing.