———————

No. 95-3178

———————

United States of America,                    *
                                             *
            Appellee,                        *
                                             *  Appeal from the United States
      v.                                     *  District Court for the
                                             *  District of Minnesota.
James Robert Voigtsberger,                   *
                                             *      [UNPUBLISHED]
            Appellant.                       *

———————

            Submitted:  February 29, 1996

              Filed:  March 5, 1996

———————

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

———————

PER CURIAM.

      James Robert Voigtsberger pleaded guilty to one count of mail fraud
for fraudulently inducing three victims to purchase stock in a company
supposedly building a hotel in Morton, Minnesota.  Voigtsberger now appeals
his twenty four-month prison sentence, arguing that the district court[1]
erred by departing upward under U.S.S.G. § 4A1.3, p.s., and by assessing
an abuse-of-trust enhancement under U.S.S.G. § 3B1.3.  We affirm.

      Section 4A1.3 permits an upward departure if a defendant's criminal
history category underrepresents the likelihood he will commit future
crimes.  The district court imposed this departure because Voigtsberger
committed the instant offense while awaiting trial and sentencing for a
substantially similar scheme in which Voigtsberger was convicted of
fraudulently soliciting investments

_____

      [1]The HONORABLE RICHARD H. KYLE, United States District Judge
for the District of Minnesota.

to construct a hotel in Morton, and because Voigtsberger's post-conviction contact with one of the victims demonstrated that he does not appreciate the criminality of his fraudulent conduct.  We agree with the district court that these factors justify an upward departure under § 4A1.3.  We also conclude that the resulting sentence is reasonable.  See United States v. Saffeels, 39 F.3d 833, 837 (8th Cir. 1994) (standard of upward departure review); United States v. Carey, 898 F.2d 642, 646 (8th Cir. 1990) (affirming departure from 180 months to 228 months, and noting sentence was well within statutory maximum).

An abuse-of-trust enhancement is appropriate if Voigtsberger "abused a position of . . . private trust . . . in a manner that significantly facilitated the commission or concealment of the offense." § 3B1.3.  Here, the victims were the brother of Voigtsberger's girlfriend and two of that victim's friends.  They tendered money to Voigtsberger for the purchase of stock in his company under circumstances, including a lack of supervision, that made it difficult for the victims to detect wrongdoing, which Voigtsberger then concealed.  Assuming without deciding that the abuse-of-trust issue is not mooted by the § 4A1.3 upward departure, we conclude that the district court did not err in imposing an abuse-of-trust enhancement.  See United States v. Morris, 18 F.3d 562, 568 (8th Cir. 1994) (§ 3B1.3 enhancement assessed where bank officer used position of trust to commit and conceal the offense).

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.