_____

No. 95-3841
_____

United States of America,           *
                                     *
            Appellee,                *
                                     *  Appeal from the United States
     v.                              *  District Court for the
                                     *  Eastern District of Missouri.
Sylvester Bray,                      *        [UNPUBLISHED]
                                     *
            Appellant.               *

_____

Submitted:  May 7, 1996

Filed:  May 15, 1996
_____

Before FAGG, BOWMAN, and HANSEN, Circuit Judges.
_____

PER CURIAM.


     Sylvester Bray pleaded guilty to being a felon in possession of a
firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  The
district court[1] sentenced him to 75 months imprisonment and two years
supervised release.  He appeals, arguing only that his sentence was the
result of improper and unconstitutional "double-counting."  We affirm.


     We do not believe Bray sufficiently alerted the district court to the
issue he now raises.  He made no objection to the pre-sentence report's
calculation of the guideline range, and in fact agreed that the report
correctly applied the Guidelines.  He argued

_____

    [1]The Honorable Carol E. Jackson, United States District Judge
for the Eastern District of Missouri.

at sentencing only that the Guidelines themselves were unconstitutional because ". . . they are structured in a way that they could cause black defendants to receive higher sentences than white defendants." (Sent. Tr., at 3.) His objection was overruled. See United States v. Williams, 994 F.2d 1287, 1294 (8th Cir. 1993) (to preserve issue for appeal, defendant must timely object and clearly state grounds for objection so that trial court has opportunity to prevent or correct error).

In any event, Bray's "double-counting" argument is without merit, because the district court's consideration of his prior felony convictions in computing both his base offense level under U.S.S.G. § 2K2.1(a)(2) and his criminal history category under U.S.S.G. § 4A1.1 was proper and constitutional. Cf. United States v. Saffeels, 39 F.3d 833, 836–37 (8th Cir. 1994) (holding "triple-counting" permissible, where defendant's prior felonies were used to convict him as felon-in-possession under § 922(g), enhance his sentence under § 924(e)(1), and determine his criminal history category under § 4A1.1); United States v. Thomas, 930 F.2d 12, 14 (8th Cir. 1991) (rejecting due process and double jeopardy challenges to § 4A1.1, where defendant was convicted of escape and criminal history was increased because defendant was under criminal sentence when he escaped).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-