85 F.3d 633
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA, Appellee,
v.
Sylvester BRAY, Appellant.
 No. 95-3841.
 United States Court of Appeals, Eighth Circuit.
 Submitted: May 7, 1996
Filed: May 15, 1996
 
 Before FAGG, BOWMAN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Sylvester Bray pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1] sentenced him to 75 months imprisonment and two years supervised release. He appeals, arguing only that his sentence was the result of improper and unconstitutional "double-counting." We affirm.
 
 
 2
 We do not believe Bray sufficiently alerted the district court to the issue he now raises. He made no objection to the pre-sentence report's calculation of the guideline range, and in fact agreed that the report correctly applied the Guidelines. He argued at sentencing only that the Guidelines themselves were unconstitutional because "... they are structured in a way that they could cause black defendants to receive higher sentences than white defendants." (Sent. Tr., at 3.) His objection was overruled. See United States v. Williams, 994 F.2d 1287, 1294 (8th Cir.1993) (to preserve issue for appeal, defendant must timely object and clearly state grounds for objection so that trial court has opportunity to prevent or correct error).
 
 
 3
 In any event, Bray's "double-counting" argument is without merit, because the district court's consideration of his prior felony convictions in computing both his base offense level under U.S.S.G. § 2K2.1(a)(2) and his criminal history category under U.S.S.G. § 4A1.1 was proper and constitutional. Cf. United States v. Saffeels, 39 F.3d 833, 836-37 (8th Cir.1994) (holding "triple-counting" permissible, where defendant's prior felonies were used to convict him as felon-in-possession under § 922(g), enhance his sentence under § 924(e)(1), and determine his criminal history category under § 4A1.1); United States v. Thomas, 930 F.2d 12, 14 (8th Cir.1991) (rejecting due process and double jeopardy challenges to § 4A1.1, where defendant was convicted of escape and criminal history was increased because defendant was under criminal sentence when he escaped).
 
 
 4
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri