```
                              _____

                              No. 95-3038
                              _____
```

United States of America,                *
                                          *
              Appellee,                   *
                                          *   Appeal from the United States
     v.                                   *   District Court for the
                                          *   District of South Dakota.
Robert Lyle Grey Cloud,                   *
                                          *          [PUBLISHED]
              Appellant.                  *

```
                              _____

           Submitted:  February 21, 1996

               Filed:  July 25, 1996
                              _____
```

Before FAGG, BOWMAN, and HANSEN, Circuit Judges.
                              _____

PER CURIAM.


     In February 1992, Robert Lyle Grey Cloud pleaded guilty to second
degree murder of Dela Vina Bernard, in violation of 18 U.S.C. §§ 1111 and
1153.  Following the plea hearing, the district court[1] granted the
government's motion under 18 U.S.C. § 4244 (hospitalization of convicted
person suffering from mental disease or defect), sentenced Grey Cloud to
a provisional life sentence, and order him committed.  In March 1995, the
director of the facility to which Grey Cloud was committed advised the
court that Grey Cloud had recovered from his impairment.  At Grey Cloud's
July 1995 sentencing hearing, the district court[2] found that Grey

---

    [1]The Honorable Richard H. Battey, Chief Judge, United States
District Court for the District of South Dakota.

    [2]The Honorable Charles B. Kornmann, United States District
Judge for the District of South Dakota.

Cloud's criminal history category did not adequately reflect his criminal history because Grey Cloud had a prior murder conviction, and that Bernard's murder was particularly heinous because Grey Cloud dismembered her body. The district court then departed upward from the recommended Guidelines sentencing range of 188 to 235 months pursuant to U.S.S.G. §§ 4A1.3 (adequacy of criminal history category) and 5K2.8 (extreme conduct), and sentenced Grey Cloud to life imprisonment.

On appeal, appointed counsel has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), and moved to withdraw. Grey Cloud has filed a pro se supplemental brief addressing one of the issues raised in the <u>Anders</u> brief. We affirm.

Counsel, and Grey Cloud, first argue that Grey Cloud was not competent at the time he entered his guilty plea. Although an incompetent defendant cannot make a valid guilty plea, <u>see</u> <u>Godinez v. Moran</u>, 509 U.S. 389, 396 (1993), Grey Cloud's responses to the court's questions at the plea hearing and defense counsel's statements to the judge indicate that Grey Cloud was competent to enter a plea of guilty. <u>See</u> <u>Dusky v. United States</u>, 362 U.S. 402, 402 (1960) (per curiam) (defendant is competent if he "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "has a rational as well as factual understanding of the proceedings against him"). We reject counsel's assertion that the district court failed to comply with Fed. R. Crim. P. 11 at the plea hearing.

Counsel next argues that the district court erred by departing upward from the recommended Guidelines sentencing range. Because the district court did not err in finding that it had the authority to depart from the Guidelines sentencing range and that the facts of this case warranted a departure, and because the extent of the departure was reasonable, we reject counsel's claim. <u>See</u> <u>United States v. Saffeels</u>, 39 F.3d 833, 837 (8th Cir. 1994)

(test for reviewing sentences departing upward from Guidelines sentencing range).  We note that any ineffective-assistance claims should be raised in a collateral proceeding under 28 U.S.C. § 2255.  <u>See</u> <u>United States v. Thomas</u>, 992 F.2d 201, 204 (8th Cir. 1993).

Upon reviewing the record in accordance with <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we conclude that no nonfrivolous issues exist.  Accordingly, we grant counsel's motion to withdraw, and affirm Grey Cloud's conviction and sentence.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.