**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

TYRIQUE STOKES,

*Defendant-Appellant.*

No. 01-4972

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Marvin J. Garbis, District Judge.
(CR-01-266)

Submitted: May 30, 2002

Decided: July 11, 2002

Before KING and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Vacated and remanded by unpublished per curiam opinion.

---

**COUNSEL**

James Wyda, Federal Public Defender, Gary W. Christopher, Melissa
M. Moore, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Bal-
timore, Maryland, for Appellant. Thomas M. DiBiagio, United States
Attorney, Bonnie S. Greenberg, Assistant United States Attorney,
Thomas Nanni, Third-Year Law Student, Baltimore, Maryland, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Tyrique Stokes pled guilty to armed bank robbery and carrying or using a firearm in a crime of violence.[1] The district court departed upward from the guideline range, finding that Stokes' criminal history did not adequately reflect the likelihood that he would commit other crimes, *U.S. Sentencing Guidelines Manual* § 4A1.3, p.s. (2001), and sentenced Stokes to forty-six months imprisonment for the bank robbery and a consecutive eighty-four months imprisonment for the § 924(c) conviction. Stokes appeals this sentence. For the reasons explained below, we vacate the sentence and remand for resentencing.

The bank robbery was Stokes' first criminal conviction. However, by the time he was sentenced, Stokes had been charged in state court with the first degree murder of his friend Tyrone Williams. The murder occurred two weeks before the bank robbery and circumstantial evidence implicated Stokes. The government requested an upward departure under USSG § 5K2.9, p.s. (Criminal Purpose), because Stokes' co-defendant in the bank robbery told investigators that Stokes said he wanted to "beat a body" (a murder charge) and that the bank robbery was committed so that Stokes could obtain money to use either to hire a lawyer or leave town.

The district court decided to depart, but instead of increasing the offense level, it departed from criminal history category I to category III based on the inadequacy of Stokes' criminal history (he had no criminal history points), and the likelihood that he would commit other crimes.[2] USSG § 4A1.3. The court specifically declined to find

---

[1] The indictment charged a violation of 18 U.S.C.A. § 2113(a), (d) (West 2000), 18 U.S.C. § 2 (1994), in Counts 1 and 2, and in Count 3, a violation of 18 U.S.C.A. § 924(c) (West 2000), 18 U.S.C. § 2.

[2] The court stated that the departure from the recommended guideline range of 30-37 months could be accomplished either by an increase of

that Stokes committed the murder, but reasoned that Stokes had "a problem, and [his] reaction [was] to commit another violent crime to get some money to help with it."

On appeal, Stokes argues that (1) the upward departure was not based on reliable evidence that he was involved in the murder, (2) a departure under § 4A1.3 was improper because he had no prior criminal history and could not be termed a recidivist absent a finding that he had been involved in the murder, and (3) the court failed to explain why a departure to criminal history category II was not adequate.

A sentencing court may depart above the guideline range only if the court finds an aggravating factor of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission. 18 U.S.C.A. § 3553(b) (West 2000). The court's determination in this respect should focus on whether the factor is taken into account by the guidelines, policy statements, or commentary. *United States v. Barber*, 119 F.3d 276, 280 (4th Cir. 1997) (en banc). When the sentencing court decides to depart from a correctly determined guideline range, the court must first identify the factor that potentially warrants departure. *United States v. Rybicki*, 96 F.3d 754, 757 (4th Cir. 1996) (construing *Koon v. United States*, 518 U.S. 81 (1996)). The court should determine whether the factor so identified is forbidden, encouraged, discouraged, or unmentioned in the guidelines as a possible basis for departure. *Rybicki*, 96 F.3d at 757. If the court identifies a factor for which departure is encouraged, and the factor is already accounted for under the applicable guideline, a departure is possible only if the factor is present to an exceptional degree, or in some other way makes the case different from the ordinary case where the factor is present. *Koon v. United States*, 518 U.S. at 96.

Finally, the court must decide whether the factor takes the case out of the applicable guideline's heartland and justifies a departure. *Ry-*

two offense levels or by moving from criminal history category I to category III. We conclude that it was the latter, as the judgment order states that category I was inadequate, and a criminal history departure may only be structured as an increase in the offense level when the defendant is in category VI. *See United States v. Cash*, 983 F.2d 558, 561 n.6 (4th Cir. 1992).

*bicki*, 96 F.3d at 758. The court's ultimate decision to depart is reviewed for abuse of discretion, but its underlying factual findings are reviewed for clear error and, if the departure is based on a misinterpretation of the guideline, that underlying ruling is reviewed de novo. *Id.*

The district court determined that Stokes was an unusual first offender because he had demonstrated a propensity to commit violent crimes despite the fact that he had no prior convictions. A criminal history category that does not adequately reflect the likelihood that the defendant will commit other crimes is an encouraged factor for departure. USSG § 4A1.3; *United States v. Connelly*, 156 F.3d 978, 985 (9th Cir. 1998).

However, the court did not find by a preponderance of the evidence that Stokes was guilty of the murder. Without a finding that Stokes had committed the murder, the court's conclusion that Stokes had demonstrated a strong tendency to recidivism has no factual support because the court did not establish that he committed more than one crime.

Moreover, the court's determination that Stokes was unusual because he had shown that his reaction to a problem was to commit a violent crime is unsound in that the same reasoning could apply to any defendant convicted of robbery. Using the court's approach, a departure would always be warranted for every crime in which the defendant's motive is to solve a problem by getting money in an illegal manner.

Other courts that have departed upward because of the likelihood that the defendant will commit future crimes have done so in light of the defendant's unusual record of repeated criminal conduct. *See United States v. Koeberlein*, 161 F.3d 946, 952 (6th Cir. 1998) (departure above category VI for defendant who "escaped from detention . . . committed new crimes while charges were pending against him," and "violated parole on numerous occasions"); *United States v. Paredes*, 87 F.3d 921, 926-27 (7th Cir. 1996) (departure above category VI where defendant's "past reflects her unrelenting deviant tendencies and documents her consistent return to a life of crime following incarceration"); *United States v. Saffeels*, 39 F.3d 833, 837-

38 (8th Cir. 1994) (departure above category VI where defendant was deemed incorrigible because prior incarcerations had not deterred him from criminal activity); *United States v. Sturgis*, 869 F.2d 54, 56-57 (2d Cir. 1989) (departure from category III to V where defendant was awaiting sentencing for two felony offenses committed within two months of the instant offense).

Stokes does not fit the pattern apparent in these cases. The factors identified by the Ninth Circuit as relevant "in assessing the likelihood of recidivism are 1) the quantity (or 'repetitiveness') of uncounted criminal conduct, 2) the similarity of uncounted criminal conduct to the offense conduct, and 3) the degree to which the defendant has been deterred by prior sentences." *Connelly*, 156 F.3d at 985. Apart from his possible complicity in the murder—about which the court made no finding—Stokes had no known prior offenses. In this circumstance, the district court's factual finding that Stokes had demonstrated an unusual propensity to commit future crimes was clearly erroneous, and its decision to depart upward on that basis was an abuse of discretion.

We therefore vacate the sentence and remand for resentencing. On remand, should the district court determine that an upward departure under § 4A1.3 is warranted on other grounds, it should comply with the level-by-level procedure for such departures established by this court. *See United States v. Harrison*, 58 F.3d 115, 117-19 (4th Cir. 1995). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*