# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2592

_____

United States of America,           *

                                  *

          Appellee,         *

                                  *   Appeal from the United States

         v.                 *   District Court for the

                                  *   Northern District of Iowa.

Blaz Ramirez-Fuentes,         *

                                  *   [UNPUBLISHED]

         Appellant.       *

_____

Submitted: July 30, 2008
Filed: August 5, 2008

_____

Before MURPHY, BYE, and BENTON, Circuit Judges.

_____

PER CURIAM.

Blaz Ramirez-Fuentes pleaded guilty to one count of conspiracy to distribute at least 500 grams of a methamphetamine mixture within 1,000 feet of property comprising a public playground, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and 860(a); and one count of possession with intent to distribute at least 500 grams of a methamphetamine mixture within 1,000 feet of property comprising a public playground, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 860(a). The district court[1] imposed a prison term of 151 months on each count, to run

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

concurrently. On appeal, Ramirez-Fuentes's counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), suggesting that the district court violated Ramirez-Fuentes's due process rights by calculating his Guidelines range based in part on information in the presentence report (PSR) obtained from a laboratory report that was not disclosed to Ramirez-Fuentes prior to his guilty plea. Upon careful review, we conclude that the district court substantially complied with Federal Rule of Criminal Procedure 32, and that there is no merit to Ramirez-Fuentes's challenge to the district court's use of the laboratory report. See United States v. Saffeels, 39 F.3d 833, 835 (8th Cir. 1994) (noting that Rule 32 operates to permit assertion and resolution of claims of inaccuracy in PSR before sentencing). We also note that counsel informed the district court prior to Ramirez-Fuentes's sentencing that Ramirez-Fuentes did not wish to withdraw his guilty plea despite the nondisclosure of the laboratory report. See Fed. R. Crim. P. 52(a) (error that does not affect substantial rights is disregarded).

We further conclude that the district court properly calculated Ramirez-Fuentes's Guidelines range. See United States v. Rodriguez, 484 F.3d 1006, 1014 (8th Cir.) (court reviews district court's factual findings for clear error, and its application of Guidelines de novo), cert. denied, 128 S. Ct. 316 (2007); United States v. Milton, 153 F.3d 891, 898 (8th Cir. 1998) (district court may rely upon estimates that have sufficient accuracy, and its drug-quantity determinations are reviewed for clear error).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we affirm the district court's judgment, and we grant counsel's motion to withdraw on condition that counsel inform appellant about the procedures for filing petitions for rehearing and for certiorari. Ramirez-Fuentes's motion for appointment of new counsel is denied.

_____