**UNITED STATES of America, Appellee,**

v.

**John Wesley MANNING, Appellant.**

**No. 90–2204.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 11, 1990.

Decided Jan. 8, 1991.

R. Steven Brown, Springfield, Mo., for appellant.

Douglas Bunch, Springfield, Mo., for appellee.

Before BEAM, Circuit Judge, BRIGHT, Senior Circuit Judge, and HENRY WOODS,* District Judge.

HENRY WOODS, District Judge.

This is an appeal from a conviction and sentence after a jury trial on both counts of an indictment. In Count I the Appellant, John Wesley Manning, was charged with threatening the life of the President of the United States in violation of Title 18, United States Code § 871(a). In Count II he was charged with mailing a letter containing a threat to injure the person of a United States District Judge in violation of Title 18, United States Code § 876. The district court[1] sentenced Manning to sixty months on Count I, and sixty months on Count II to run concurrently with the sentence imposed under Count I and consecutively to any sentence Manning is now serving. In addition, the court ordered that, upon release from imprisonment, Manning would have a supervised release term of three years. We affirm the judgment of the United States District Court on each count.

The appellant advances three points: (1) there was insufficient evidence of mailing; (2) the letter on which the charges were based did not contain a threat against the United States district judge; and (3) the district court erred in refusing an instruction proffered by the appellant.

## I. FACTS

United States District Judge David Hittner, Southern District of Texas, whose chambers are located at Houston, Texas, received a letter postmarked March 24, 1989. The letter contained the return address of John Manning, P.O. Box 4000, Springfield, Missouri 65808. On the back of the envelope was a large stamp with the name of C.A. Turner, Warden, Medical Center for Federal Prisoners, indicating that the letter was placed in the prisoner mailbox for forwarding to the addressee. The letter read as follows:

Honorable David Hittner

I am writing you this letter to tell you that you will die within the next six months. I hope you fall dead one day giving someone some time. I want you to know to just fuck you and the horse you rode in on.

You can't keep me from killing George Bush; One day I will have my chance, just watch and see.

Your truly

/s/ John Manning

Upon opening the letter Judge Hittner felt apprehensive since he regarded the letter as a death threat against both the President and himself. Judge Hittner recognized Manning as a man he had sentenced to a five year term in November, 1988 for threatening President Reagan and Vice President Bush. Manning had previously been convicted of mailing a letter containing a threat to President Reagan in March of 1985.

Manning has been at the Springfield facility since March 1, 1989 under the sentence imposed by Judge Hittner. He had unrestricted access to the prisoner mailbox and other mail receptacles at the Medical Center. The prisoner mailbox is for the inmates' outgoing legal mail, which is then taken to the mail room where it is stamped, as the envelope in this case was stamped. Manning signed a statement prepared by an FBI agent, admitting that he had written the letter. Manning told the agent that he planned to plead guilty. A handwriting expert testified that Manning without question wrote the letter and the judge's name on the address. He further testified that Manning probably prepared the hand printing on the front of the letter. He was unable to give an opinion as to the signature on the letter.

## II. EVIDENCE OF MAILING

■ Appellant contends that the trial judge should have sustained his motion for a judgment of acquittal on the ground that there was insufficient evidence that he mailed the letter. We disagree. There

---

* The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas, sitting by designation.

1. The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri.

was strong evidence of mailing, even though on this issue the evidence was necessarily circumstantial. The letter was mailed at the Springfield Medical Center by an inmate on or about March 24, 1989. Manning was an inmate at the Center with unrestricted access to the prisoner mailbox. Unrebutted handwriting testimony was introduced that he wrote the text of the letter. He was shown to have a motive for writing this letter and a proclivity for writing similar letters. Furthermore, Manning signed a statement admitting that he wrote the letter. If he wrote such a letter, the jury could have fairly inferred that he mailed it.

## III. EXISTENCE OF A THREAT TO-WARD THE DISTRICT JUDGE

■ Appellant argues that the language in the letter, set out *supra*, does not constitute a threat toward Judge Hittner. The question is whether the jury could have reasonably found this language to be a threat. We are convinced that the answer must be in the affirmative. The letter must be read in its entirety. In unequivocal, unambiguous terms, the writer expressed an intention to kill President Bush. This language must be read in connection with the statement directed at Judge Hittner that "you will die within the next six months." The tone and context of the letter herein is far different from the communication involved in *United States v. Barcley*, 452 F.2d 930 (8th Cir.1971), on which appellant relies. The ambiguity found in *Barcley* does not exist here. Appellant's argument that Judge Hittner did not experience fear from the threat is not persuasive. Judge Hittner did feel "apprehension." The difference between these two emotions is one of degree. Under the totality of the circumstances, a reasonable jury could conclude beyond a reasonable doubt that the letter contained a threat to Judge Hittner. *Martin v. United States*, 691 F.2d 1235, 1239–40 (8th Cir.1982), *cert. denied*, 459 U.S. 1211, 103 S.Ct. 1207, 75 L.Ed.2d 447 (1983).

## IV. THE JURY INSTRUCTION

■ Appellant requested that Instruction No. A be given to the jury and, in the event Instruction No. A was refused, requested that Instruction No. 20 be given to the jury. The district court refused to give Instruction No. A and agreed to give Instruction No. 20. Instruction No. 20 required that the maker of a threat "voluntarily and intelligently wrote the words as a declaration of an apparent determination to carry out the threat" in order for the threat to have been made willfully. By contrast, Instruction No. A required that the maker of the threat "voluntarily and intelligently wrote the words with the actual and present intention to carry out the threat" in order for the threat to have been made willfully. See Instructions Nos. 20 and A at J.App. 36 and 39. Mr. Manning argues that the district court erred in refusing to give Instruction A because the issue raised by this instruction has not been definitively addressed by the Eighth Circuit. He urges that, for the purposes of 18 U.S.C. §§ 871 and 876, the Eighth Circuit should adopt the Fourth Circuit's view in *United States v. Patillo*, 431 F.2d 293 (4th Cir.1970) that this instruction is proper. With becoming candor, he admits that the *Patillo* case is in the distinct minority but argues that it expresses the better view. We doubt that the question is open in this circuit, but nevertheless we prefer to follow the majority view.

In *United States v. Neavill*, 868 F.2d 1000, 1005 (1989), *opinion vacated*, 877 F.2d 1394, *appeal dismissed*, 886 F.2d 220 (8th Cir.1989), this court said:

> Only the Fourth Circuit has adopted the subjective standard. *United States v. Patillo*, 431 F.2d 293 (4th Cir.1970). While the Supreme Court once expressed "grave doubts" about the apparent-determination standard, *Watts v. United States*, 394 U.S. 705, 708, 89 S.Ct. 1399, 1401–02, 22 L.Ed.2d 664 and Justice Marshall has pushed for the adoption of a subjective standard, *Rogers v. United States*, 422 U.S. 35, 95 S.Ct. 2091, 2099, 45 L.Ed.2d 1 (1975) (Marshall, J., concurring), the trend towards an objective standard has persisted.

868 F.2d at 1006. *See also United States v. Lincoln*, 589 F.2d 379, 381 (8th Cir.1979) and *Martin v. United States*, 691 F.2d 1235, 1240 (8th Cir.1982), *cert. denied*, 459 U.S. 1211, 103 S.Ct. 1207, 75 L.Ed.2d 447

(1983). The sections of the Code on which these two counts were based, 18 U.S.C. §§ 871 and 876, recognize in their terminology that it is the making of the threat that is prohibited without regard to the maker's subjective intention to carry out the threat. The threat alone is disruptive of the recipient's sense of personal safety and well-being and is the true gravamen of the offense. It follows that the district court did not err in refusing appellant's proffered Instruction A.

The judgment of the district court is affirmed.