32 F.3d 571
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
James Robert LANE, JR., also known as Bob Lane, Appellant.
 No. 93-3672.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 7, 1994.
Filed: August 1, 1994.
 
 Before FAGG, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 James Robert Lane, Jr. and Patty Tesky exchanged numerous letters while Lane was in prison. After Tesky wrote Lane that she was engaged to marry another man, Lane responded by sending Tesky several letters that prompted Tesky to contact the police. Lane was charged with three counts of mailing threatening communications in violation of 18 U.S.C. Sec. 876. At trial, the Government introduced nine letters Lane wrote to Tesky, including the three letters providing the basis for the charges. A jury convicted Lane on all counts. On appeal, Lane admits writing the letters, but contends there was insufficient evidence to support the jury's verdict because the letters were not threatening. We review the evidence in the light most favorable to the Government. United States v. Blanc, No. 93-3458, 1994 WL 169696, at * 2 (8th Cir. May 6, 1994). We will affirm Lane's conviction if "[u]nder the totality of the circumstances, a reasonable jury could conclude beyond a reasonable doubt that the letter[s] contained a threat to [Tesky]." See United States v. Manning, 923 F.2d 83, 85 (8th Cir.), cert. denied, 111 S. Ct. 2860 (1991).
 
 
 2
 Lane argues the language in the letters was equivocal and nonthreatening. Having reviewed the three letters serving as a basis for the charges and the other letters admitted as evidence of context, we conclude the letters contain sufficient unambiguous, threatening language to support the jury's verdict. See, e.g., United States v. Bellrichard, 994 F.2d 1318, 1323-24 (8th Cir.), cert. denied, 114 S. Ct. 337 (1993); Manning, 923 F.2d at 85. In his letters, Lane threatened physical harm to Tesky and others, stated Tesky would regret getting engaged, warned her to hide or to move, and warned her to take the letters seriously. In other letters, Lane warned Tesky his threats were not jokes.
 
 
 3
 Lane also argues Tesky could not reasonably have felt threatened because Tesky continued to write to him and to send him photographs after receiving the letter involved in count one. Although Tesky continued writing to Lane after she received the letter involved in count one, the record does not support Lane's assertion that she continued sending photographs. Tesky stopped responding to Lane's letters after she informed Lane she was engaged, and her earlier responses did not compel the jury to conclude Tesky did not feel threatened by Lane's later letters.
 
 
 4
 Finally, Lane argues the Government failed to prove he intended to threaten Tesky. Lane's argument is unavailing because intent to threaten is not a required element of the offense. See 18 U.S.C. Sec. 876 (1988); Bellrichard, 994 F.2d at 1324; United States v. Lincoln, 589 F.2d 379, 381 (8th Cir. 1979).
 
 
 5
 Accordingly, we affirm.