UNITED STATES of America, Appellee,

v.

Odell WHITFIELD, Appellant.

No. 94–1655.

United States Court of Appeals,
Eighth Circuit.

Submitted July 25, 1994.

Decided Aug. 10, 1994.

David Shinkle, Des Moines, IA, argued, for appellant.

Nathan Petterson, Minneapolis, MN, argued, for appellee.

Before BOWMAN, MAGILL, and HANSEN, Circuit Judges.

BOWMAN, Circuit Judge.

Odell Whitfield appeals his conviction and his sentence for mailing threatening letters to a magistrate judge in violation of 18 U.S.C. § 876 (1988). We affirm.

I.

In March 1986, Whitfield made a preliminary appearance before United States Magistrate Judge Celeste F. Bremer [1] on a charge of failing to appear to serve a prison sentence.[2] Whitfield made no other appearances before Judge Bremer. One week later, Judge Bremer began to receive letters from Whitfield. From 1986 through 1993, Judge Bremer received in excess of sixty letters from Whitfield. The letters made clear that Whitfield desired a sexual relationship with Judge Bremer.

In January 1992, Whitfield was charged with ten counts of harassment under Iowa law based on ten of the letters he had sent to Judge Bremer. The county attorney and Whitfield ultimately agreed to a deferred prosecution: if Whitfield did not write or contact Judge Bremer for a one-year period the charges would be dismissed. Whitfield complied with the agreement, and the charges were dismissed.

On August 11, 1993, Judge Bremer received a packet containing several letters from Whitfield. These letters again suggested that Whitfield desired a sexual relationship with Judge Bremer. In one of the letters Whitfield wrote that his love for Judge Bremer was "driving [him] insane" and that it was difficult to love someone "you can't see or touch or hug and kiss when you want to." Letter from Odell Whitfield to Judge Bremer 6 (Aug. 8, 1993) (filed as Government's Exhibit 1 in the District Court). He also wrote, "You are my most desired goal, and I will Stop at nothing to reach you." Id. at 7.

Based on this last group of letters, Whitfield was indicted on one count of forcibly assaulting, resisting, impeding, intimidating or interfering with a United States Magistrate Judge in the performance of her official duties in violation of 18 U.S.C. § 111(a) (1988) and one count of mailing threatening letters to a United States Magistrate Judge in violation of 18 U.S.C. § 876. At the conclusion of the government's case-in-chief, the District Court [3] granted Whitfield's motion for judgment of acquittal as to the § 111 count, but denied his motion as to the § 876 count. The jury then found Whitfield guilty of violating § 876, and the District Court sentenced him to twenty-seven months of imprisonment and three years of supervised release. Whitfield timely appeals.

II.

In appealing his conviction, Whitfield argues that the District Court erred by denying his motion for judgment of acquittal as to the 18 U.S.C. § 876 charge and abused its discretion in excluding certain evidence offered by Whitfield at trial.

1. The Honorable Celeste F. Bremer, United States Magistrate Judge for the Southern District of Iowa.

2. Whitfield had been convicted and sentenced to prison for being a felon in possession of a firearm.

3. The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, sitting by designation.

When reviewing the denial of a motion for judgment of acquittal, this Court views the evidence in the light most favorable to the government, granting the government the benefit of all inferences that reasonably may be drawn from the evidence. We will reverse only if no reasonable jury could have concluded beyond a reasonable doubt that the defendant is guilty of the charged offense. *United States v. Ojeda,* 23 F.3d 1473, 1475 (8th Cir.1994). Whitfield argues that the contents of the letters are ambiguous and that the government failed to prove that the letters constitute a threat. We disagree.

In evaluating threats under 18 U.S.C. § 876, we have held that "[i]f a reasonable recipient, familiar with the context of the communication, would interpret it as a threat, the issue should go to the jury." *United States v. Bellrichard,* 994 F.2d 1318, 1323–24 (8th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 337, 126 L.Ed.2d 282 (1993) (quoting *Martin v. United States,* 691 F.2d 1235, 1240 (8th Cir.1982), *cert. denied,* 459 U.S. 1211, 103 S.Ct. 1207, 75 L.Ed.2d 447 (1983)). When determining whether a reasonable person would feel threatened, we must review the "totality of the circumstances in which the communication was made." *Id.* at 1323. At trial, Judge Bremer testified that she considered the letters as a threat to sexually assault her. Judge Bremer had received over sixty letters from Whitfield. In these letters, Whitfield sent poems containing explicit sexual references, described elaborate fantasy dates, and, in one letter, included two photocopied pages from a romance novel that described a forcible sexual encounter. This seven-and-one-half-year history made it clear that Whitfield desired a sexual relationship with Bremer, the final letter stating he "would stop at nothing to reach" her. Bremer also was aware that Whitfield had engaged in felonious criminal conduct in the past, had some type of mental disorder, and had carried a gun. Moreover, Bremer knew that on at least one occasion Whitfield had travelled to Des Moines to attempt to meet with her, had called her home, and had exhibited a remarkable persistence in pursuing the desired relationship despite two visits from the FBI and the state harassment charges. After carefully evaluating the "totality of the circumstances," we conclude that Judge Bremer reasonably interpreted the letters as a threat, and the count properly was submitted to the jury. *See Martin,* 691 F.2d at 1240 (holding that whether language constitutes a threat is an issue of fact for the jury).

Whitfield next argues that the District Court abused its discretion by excluding testimony regarding a conversation between an FBI agent and an Assistant U.S. Attorney concerning the prior uncharged letters. He further contends that the District Court abused its discretion by excluding the testimony of Dr. Michael Taylor who would have testified that Whitfield does not present a danger to Judge Bremer. We give great deference to a district court's rulings on admissibility of evidence and will reverse only if the court has committed a clear abuse of discretion. *United States v. Jackson,* 914 F.2d 1050, 1053 (8th Cir.1990). As to the excluded discussion between the FBI agent and the Assistant U.S. Attorney, we observe that whether one Assistant U.S. Attorney believed that federal charges could be maintained against Whitfield in 1992 is not relevant to the issue of whether the letters sent in 1993 constitute a threat. As to Whitfield's expert, testimony concerning whether Whitfield actually presents a danger to Judge Bremer is not probative of the issue of whether a reasonable recipient, knowing what she knew about the writer of the letters, would have interpreted them as a threat.[4] Thus, the District Court did not abuse its discretion in excluding the evidence proffered by Whitfield.

### III.

Whitfield also appeals his sentence, arguing that the District Court erred by refusing to grant him a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 (Nov. 1993). We accord

---

4. As we recognized in *Bellrichard,* the gravamen of a § 876 violation is the making of the threat; the maker's subjective intentions are irrelevant. *Bellrichard,* 994 F.2d 1318, 1324 (8th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 337, 126 L.Ed.2d 282 (1993).

great deference to the District Court's finding that Whitfield did not accept responsibility and will reverse only for clear error. *United States v. Franik*, 7 F.3d 811, 813 (8th Cir.1993). In denying the adjustment, the court noted that the reduction is not intended to apply to a defendant who requires the government to meet its burden of proving the defendant guilty beyond a reasonable doubt and then admits guilt after conviction. *See* U.S.S.G. § 3E1.1, comment. (n. 2). Moreover, the court found that Whitfield never had admitted that the letters constituted a threat and stated that Whitfield "plays games with [the court] on the witness stand." Sentencing Transcript at 30. Contrary to Whitfield's assertion, the District Court's denial of this adjustment was not grounded on Whitfield's persistence in sending letters to Judge Bremer despite the warnings from the FBI, and thus the adjustment was not denied on the basis of pre-offense conduct. After reviewing the record, we conclude that the District Court did not clearly err in finding that Whitfield was undeserving of the acceptance-of-responsibility adjustment.

For the reasons stated, Whitfield's conviction and sentence are affirmed.