_____

No. 96-1826WM

_____

United States of America,          *
                                   *
                  Appellee,        *
                                   *    Appeal from the United States
         v.                        *    District Court for the Western
                                   *    District of Missouri.
Jerry R. Poe,                      *
                                   *
                  Appellant.       *

_____

Submitted:  September 9, 1996

Filed:  September 19, 1996

_____

Before FAGG, HEANEY, and BEAM, Circuit Judges.

_____

FAGG, Circuit Judge.

Jerry R. Poe mailed two threatening letters from his jail cell in a Missouri state prison.  In his first letter, Poe threatened to assault a local prosecutor's twelve-year-old daughter, and in his second letter, Poe stated several prison officials would be "shot and crip[p]led."  Based on the two letters, the Government charged Poe with two counts of mailing threatening communications in violation of 18 U.S.C. § 876 (1994).  Following jury convictions on both counts, the district court granted the Government's request for an upward departure from the sentencing guidelines and sentenced Poe to the statutory maximum penalty of five years on each count.  See id.; U.S.S.G. § 4A1.3 (1994).  Poe appeals his convictions and sentence, and we affirm.

On appeal, Poe admits writing and mailing both letters, but contends the district court should have granted his motion for judgment of acquittal because his letters were ambiguous and

nonthreatening. After reviewing the evidence in the light most favorable to the Government, see United States v. Whitfield, 31 F.3d 747, 749 (8th Cir. 1994), we disagree. Poe's letter to the local prosecutor made vulgar sexual remarks about the prosecutor and the sexual anatomy of the prosecutor's young daughter, pointed out Poe would be released from prison soon, and stated the prosecutor would "pay" for mistreating Poe. The letter concluded by referring to the prosecutor's upcoming move to the East Coast, and asked, "Can you please send me your daughter's address?" The prosecutor testified he was upset by Poe's letter because he believed Poe was threatening to harm his daughter. We agree with the prosecutor's assessment. "Under the totality of the circumstances, a reasonable jury could conclude beyond a reasonable doubt that the letter contained a threat to [the prosecutor's daughter]." United States v. Manning, 923 F.2d 83, 85 (8th Cir.), cert. denied, 501 U.S. 1234 (1991). Likewise, a reasonable jury could conclude that Poe's second letter contained a threat to wound the various prison officials. Id. Poe's current claim that he did not really intend to shoot the prison officials is simply irrelevant. See id. at 86; Whitfield, 31 F.3d at 749. Thus, we conclude the district court properly denied Poe's motion.

As for Poe's sentence, the sentencing guidelines authorize an upward departure "[i]f reliable information indicates that the [defendant's] criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3. In arriving at Poe's sentence, the district court was concerned with Poe's "pattern of continually criminal behavior." As the presentence report makes clear, Poe's criminal history category does not include Poe's more recent threatening letters to the probation office, the Missouri Supreme Court, and the Governor of Missouri. See United States v. Sweet, 985 F.2d 443, 445-46 (8th Cir. 1993) (upward departure was appropriate because defendant continued to mail threatening letters after conviction but before

sentencing).  Also, Poe does not deny telling his probation officer that he plans to send more threatening letters to the victims in this case.  <u>See</u> <u>United States v. Cook</u>, 972 F.2d 218, 221-22 (8th Cir. 1992), <u>cert. denied</u>, 506 U.S. 1058 (1993).  We review the district court's decision to depart from the sentencing guidelines for an abuse of discretion, <u>see</u> <u>Koon v. United States</u>, 116 S. Ct. 2035, 2047-48 (1996), and the decision "will in most cases be due substantial deference," <u>id.</u> at 2046.  Having carefully reviewed the record, we conclude the district court did not abuse its discretion by granting the Government's request for an upward departure under § 4A1.3.  <u>Cook</u>, 972 F.2d at 222 (the district court may make an upward departure where there is evidence of obvious, unrepentant incorrigibility).

We thus affirm Poe's convictions and sentence.

A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-