_____

No. 96-2805
_____

United States of America,          *
                                   *
          Appellee,                *
                                   *  Appeal from the United States
     v.                            *  District Court for the
                                   *  District of South Dakota.
William St. John,                  *
                                   *       [UNPUBLISHED]
          Appellant.              *


_____

                 Submitted:  February 4, 1997

                   Filed:  February 7, 1997
_____

Before BOWMAN, WOLLMAN, and BEAM, Circuit Judges.
_____

PER CURIAM.

     William St. John appeals from the 41-month sentence imposed by the
district court[1] following his guilty plea to theft of property in Indian
Country, in violation of 18 U.S.C. §§ 661 and 1153.  We affirm.

     We reject St. John's argument on appeal that, when considering
imposition of an enhancement under U.S. Sentencing Guidelines Manual
§ 2B1.1(b)(4)(A) (1995) for more than minimal planning, the district court
violated Federal Rule of Criminal Procedure 32(c)(1).[2]  St. John did not
dispute any factual allegation in the

_____

     [1]The Honorable Charles B. Kornmann, United States District
Judge for the District of South Dakota.

     [2]Language formerly in Rule 32(c)(3)(D) was amended and
relocated to Rule 32(c)(1) in 1994.  See Fed. R. Crim. P. 32
Advisory Committee Notes (1996).

presence report (PSR).  Rather, he objected only to the application of the more-than-minimal-planning enhancement based on the uncontested facts. In such circumstances, Rule 32(c)(1) is not implicated.  See United States v. Tovar, 27 F.3d 497, 499-500 (10th Cir. 1994).  Given the evidence in the record that St. John took definite precautions to conceal the automobile theft at issue, and that he had an extensive prior history of automobile thefts, we conclude the district court did not clearly err in finding more than minimal planning.  See U.S. Sentencing Guidelines Manual § 1B1.1, comment. (n.1(f)) (1995); United States v. Coney, 949 F.2d 966, 968 (8th Cir. 1991) (standard of review).

We further reject St. John's argument that the district court erred in departing upward under U.S. Sentencing Guidelines Manual § 4A1.3 (1995). St. John's 30 criminal-history points placed him in Criminal History Category VI.  In departing upward beyond Category VI, the Guidelines direct the sentencing court to "structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case."  The district court's methodology achieved the result of moving incrementally six levels down the sentencing table, and we find such methodology reasonable.  See United States v. Dixon, 71 F.3d 380, 382-83 (11th Cir. 1995) (district court need not explicitly discuss reason for bypassing incremental offense level; departure above Category VI will be reviewed for reasonableness); cf. United States v. McKinley, 84 F.3d 904, 911 (7th Cir. 1996) (finding district court's methodology reasonable and sufficiently linked to structure of Guidelines where court moved down eight levels, or one level for every three criminal history points over number required for placement in Category VI); United States v. Cash, 983 F.2d 558, 561 n.6 (4th Cir. 1992) (departing above Category VI by moving vertically to successively higher offense levels will produce roughly same 10-15% increase in guideline range

as extrapolating horizontally by extending criminal history categories), cert. denied, 508 U.S. 924 (1993).

Moreover, the sentence imposed by the district court was not an abuse of discretion, as St. John had more than double the number of criminal history points required to reach Category VI, and the sentence was well below the five-year statutory maximum.  See 18 U.S.C. § 661; United States v. Poe, 96 F.3d 333, 334 (8th Cir. 1996) (standard of review); United States v. Saffeels, 39 F.3d 833, 838 (8th Cir. 1994); United States v. Carey, 898 F.2d 642, 646 (8th Cir. 1990).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-