United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**
No. 96-4222

United States of America,       *
                                *
          Appellee,             *
                                *       Appeal from the United States
     v.                         *       District Court for the
                                *       Western District of Missouri.
David Lee Patrick,              *
                                *
          Appellant.            *

_____

Submitted:  April 16, 1997

Filed:    July 8, 1997

_____

Before BOWMAN, WOLLMAN, and HANSEN, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

David Lee Patrick appeals from his conviction on two counts of mailing threatening communications, in violation of 18 U.S.C. § 876, and the resulting sentence imposed by the district court.[1]  We affirm.

The victim ended a two-year romantic relationship with Patrick in April of 1993. Patrick was unable to accept the break-up and began what can only be described as

_____

[1]The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri.

extensive harassment of the victim. This harassment took the form of numerous unwanted letters, faxes, phone calls, and in-person encounters at the victim's home, workplace, and church. Patrick also threatened and assaulted the victim and damaged her car. The assault led to the issuance of a civil protection order for the victim against Patrick. Patrick subsequently sent two threatening faxes to the victim in April of 1994, for which he was arrested. Patrick pleaded guilty to sending threatening interstate communications, in violation of 18 U.S.C. § 875, and in July of 1994 was sentenced to thirty-six months' imprisonment by the United States District Court for the District of Arizona.

While serving this sentence at the Federal Medical Center in Springfield, Missouri, Patrick sent two threatening letters to the victim, one in October and the other in December of 1994, which resulted in a two-count indictment. Following Patrick's conviction, the district court sentenced him to forty-two months' imprisonment, to be served consecutively to the Arizona sentence.

Patrick argues that the district court erred in denying his motion for judgment of acquittal based on the insufficiency of the evidence. In considering this claim, we must review the evidence in the light most favorable to the government, reversing only if we conclude that no reasonable jury could have found Patrick guilty beyond a reasonable doubt. See United States v. Caldwell, 83 F.3d 954, 957 (8th Cir. 1996).

Patrick first argues that the letters could reasonably be interpreted in a non-threatening way and that the government failed to introduce evidence removing the ambiguity, as required by United States v. Barcley, 452 F.2d 930, 933 (8th Cir. 1971). We disagree, for we have held that "'[i]f a reasonable recipient, familiar with the context of the communication, would interpret it as a threat, the issue should go to the jury.' When determining whether a reasonable person would feel threatened, we must review the 'totality of the circumstances in which the communication was made.'" See United States v. Whitfield, 31 F.3d 747, 749 (8th Cir. 1994) (quoting United States v.

Bellrichard, 994 F.2d 1318, 1323-24 (8th Cir. 1993)). Patrick's letters tell the victim she must talk to Patrick and that she is going to have to kill Patrick to stop him. The letters also refer to the history of the relationship, say that the victim must "answer to me," warn her that "I will not ever give up" and "when I get out, your life will change," and make other statements which the victim could reasonably interpret as threatening. The victim was well aware of Patrick's extensive past harassment of her, including the assault that resulted in a protection order, and she was aware that Patrick had previously owned a gun. See Whitfield, 31 F.3d at 749 (victim received more than 60 letters over seven years evidencing desire of sexual relationship, and was aware of defendant's past criminal conduct and mental disorder and that defendant had carried gun, traveled to her city, and called her home). Further, the victim testified about the fear she felt and how she believed that Patrick was "coming for me. He's going to come and there's going to be some kind of confrontation." The evidence was sufficient to support the conviction, and the district court did therefore not err in denying Patrick's motion for judgment of acquittal.

Patrick also argues that the government did not prove that he had made a "true threat" to injure. He contends that given his incarceration and his short life expectancy (Patrick suffers from HIV infection) he could not have intended his letters to be threats of personal injury to the victim because he did not believe he would be released from prison before he died. Patrick's subjective intent is irrelevant, however. See Whitfield, 31 F.3d at 749 n.4; United States v. Manning, 923 F.2d 83, 86 (8th Cir. 1991). Moreover, that Patrick's threat was contingent upon his release from prison does not save him from violating section 876. See Bellrichard, 994 F.2d at 1322 (threat may be "true threat" even if premised on a contingency); Martin v. United States, 691 F.2d 1235, 1240 (8th Cir. 1982) (defendant wrote threatening letter while incarcerated for life term, but eligible for parole in 1981; district court properly instructed jury that the actual capability to successfully accomplish the threat was not element of offense).

Patrick argues that his criminal history score should have been category II instead of category III because three points should not have been added for his Arizona sentence. <u>See</u> U.S.S.G. § 4A1.1(a) ("Add 3 points for each prior sentence of imprisonment"). He argues that his Arizona sentence was not a "prior sentence" because his conduct in that case was relevant conduct to the Missouri charges and thus became part of the "instant offense" in the Missouri case. <u>See</u> U.S.S.G. § 4A1.2(a)(1) & comment. (n.1) (prior sentence means sentence previously imposed for conduct that is not part of the instant offense; "[c]onduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of § 1B1.3 (Relevant Conduct)").

"Conduct that is a 'severable, distinct offense' is not part of the offense of conviction for purposes of § 4A1.1. [In determining] whether conduct is part of the instant offense, 'the district court considers several factors, including temporal and geographical proximity, common victims, and a common criminal plan or intent.'" <u>United States v. Torres-Diaz</u>, 60 F.3d 445, 448 (8th Cir.) (quoting <u>United States v. Blumberg</u>, 961 F.2d 787, 792 (8th Cir. 1992)), <u>cert. denied</u>, 116 S. Ct. 432 (1995). Patrick's actions in this case constitute a distinct and severable offense from his actions in the prior case because although his offenses had a common victim, they did not have the requisite temporal or geographical proximity. Patrick's prior offense consisted of faxing threats from Arizona to the victim six and eight months before he wrote and sent the two letters giving rise to the present prosecution. Accordingly, we cannot say that the district court erred in overruling Patrick's objection to his criminal history calculation.

Patrick's double jeopardy argument based on the district court's decision to admit certain evidence under Federal Rule of Evidence 404(b) is without merit. <u>See</u> <u>United States v. Felix</u>, 503 U.S. 378, 386-87 (1992).

The conviction and sentence are affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.