**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-4162
_____

United States of America,      *
                               *
          Appellee,            *
                               * Appeal   from   the   United
States                         
     v.                        * District Court for the
                               * District of Minnesota.
Jose Demetrio Perez,           *
                               *        **[UNPUBLISHED]**
          Appellant.           *

_____

                         Submitted:  August 6, 1997
                                Filed:  August 14,
1997
                   _____

Before WOLLMAN, LOKEN, and HANSEN, Circuit Judges.
                   _____

PER CURIAM.

     Jose Demetrio Perez appeals his one hundred-month
sentence for being a felon in possession of a firearm in
violation of 18 U.S.C. § 922(g).  He argues the district
court[1] erred in departing upward under U.S.S.G. § 4A1.3,
p.s. (1995).   We review this departure for abuse of discretion.  See United
States v. Poe, 96 F.3d 333, 334 (8th Cir. 1996).  Finding no abuse of discretion, we
affirm.

_____

     [1]The Honorable DAVID S. DOTY, United States District Judge for the District
of Minnesota.

A § 4A1.3 departure is warranted if a defendant's criminal history category significantly under-represents the seriousness of his criminal history or the likelihood that he will commit further crimes.   Perez has thirteen criminal history points, the minimum necessary for placement in Criminal History Category VI, the highest criminal history category.  "In determining whether an upward departure from Criminal History Category VI is warranted," § 4A1.3 explains, "the court should consider that the nature of the prior offenses rather than simply their number is often more indicative of the seriousness of the defendant's criminal record."   Perez's prior convictions for second-degree murder and assault were of a serious, violent nature, and this felon-in-possession conviction arose out of his assaultive use of the firearm, evidence that he poses a significant and continuing threat to the safety of the community.  See United States v. Cook, 972 F.2d 218, 222 (8th Cir. 1992), cert. denied, 506 U.S. 1058 (1993).   He committed several crimes while on parole.   See United States v. Washington, 109 F.3d 459, 462 (8th Cir. 1997).   Three recent violent assaults did not count toward his criminal history category because they did not result in convictions.  See United States v. Sweet, 985 F.2d 443, 446 (8th Cir. 1993). Finally, Perez's contention that the district court erred in failing to compare his criminal history to that of offenders in each higher category ignores the difference between departures above Criminal History Category VI and departures above the lesser criminal history categories. See United States v. Dixon, 71 F.3d 380, 382-83 (11th Cir. 1995).   In these circumstances, the district court did not abuse its discretion in departing upward.

Accordingly, we affirm.

A true copy.

-2-

Attest:

           CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.