**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

---

No. 97-1798

---

United States of America,    *
                           *
        Appellee,       *
                           * Appeal from the United
States
        v.              * District Court for the
                           * Western District of
Missouri.
Alison G. Jenkins,      *

    *            [Unpublished]
        Appellant.      *

---

Submitted: September 12, 1997

Filed: October 22, 1997

---

Before RICHARD S. ARNOLD, Chief Judge, HEANEY and BEAM, Circuit Judges.

---

PER CURIAM.

Alison G. Jenkins appeals her conviction on three counts of filing false cost reports with Medicare in violation of 18 U.S.C. § 1001 and 42 U.S.C. § 1320a-7b(a)(1) and on three counts of mail fraud in connection with filing those reports in violation of 18 U.S.C. § 1341. In her appeal, Jenkins asserts that the district court erred in denying her motion for judgment of acquittal. She also contends that the district court

abused its discretion by refusing to allow evidence going to the truthfulness of three government witnesses and by refusing to permit evidence of Jenkins' financial status. We affirm.

We review the district court's denial of Jenkins' motion for acquittal to determine whether any construction of the evidence supports the jury's decision. United States v. Cunningham, 83 F.3d 218, 222 (8th Cir. 1996). In so doing, we view the evidence in the light most favorable to the jury's verdicts and give the benefit of reasonable inferences drawn from the evidence to the government. Id. After reviewing the evidence presented at trial, including multiple witnesses who testified that Jenkins altered time sheets to increase Medicare payments, we hold that the jury could reasonably conclude that the government met its burden of proving each of the elements necessary to convict Jenkins of the crimes charged.

Next, we review the district court's refusal to allow evidence of both the truthfulness of the government's witnesses and Jenkin's financial status for an abuse of discretion. United States v. Whitfield, 31 F.3d 747, 749 (8th Cir. 1994). After reviewing the proceedings at the district court, we conclude that Jenkins had ample opportunity to challenge the credibility of the government's witnesses through cross-examination. We also conclude that the district court's decision to prevent a stream of witnesses solely intended to give testimony as to the truthfulness of other witnesses does not constitute an abuse of discretion. Likewise, we find no abuse of discretion in the court's determination that any inference to be drawn from evidence of Jenkins' financial status, such as the clothes she wore, is too remote. The government is under no obligation to show that Jenkins wore expensive clothing or spent large amounts of money to make its case. Giving the district

3

court the discretion to which it is entitled under <u>Whitfield</u>, we see no reason to upset the verdict based on the district court's efforts to conduct the trial without confusing and extraneous evidence.

Accordingly, we affirm.

A true copy.

Attest.

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.