# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4115

_____

United States of America,

        Appellee,

v.

Charles L. Mann, also known as
Chuck Mann,

        Appellant.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of South Dakota.
\*
\*   [UNPUBLISHED]
\*
\*

_____

Submitted:  April 7, 2000
Filed:  April 12, 2000

_____

Before MCMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit
Judges.

_____

PER CURIAM.

Charles L. Mann appeals his conviction, following a jury trial in the district court,[1] for one count of threatening the President of the United States in violation of 18 U.S.C. §§ 871 and 2. We affirm.

---

[1]The Honorable Paul A. Magnuson, Chief Judge, United States District Court for the District of Minnesota, by assignment.

By a nine-count indictment, the government charged Mann, a South Dakota State Penitentiary inmate, and two co-defendants, Edward Maguire and Christopher Fonseca, with conspiring to mail threatening communications, mailing threatening communications to three federal judges, and mailing a threat against the President. A trial followed, and the jury found Mann guilty of all nine counts. Mann appeals only his conviction for threatening the President, challenging the sufficiency of the evidence.

We must view the evidence in the light most favorable to the government and accept all reasonable inferences supporting the guilty verdict. See United States v. Barris, 46 F.3d 33, 35 (8th Cir. 1995). We should set aside the conviction only if no reasonable jury could have concluded beyond a reasonable doubt that Mann was guilty of the charged offense. See United States v. Whitfield, 31 F.3d 747, 749 (8th Cir. 1994).

Section 871 makes it a crime to "knowingly and willfully deposit[] for conveyance in the mail . . . any letter . . . containing any threat to take the life of . . . or to inflict bodily harm upon the President . . . or knowingly and willfully otherwise make[] any such threat against the President." Section 2 provides that whoever "aids, abets, . . . induces or . . . causes" the commission of an offense against the United States is punishable as a principal.

As to whether the letter contained a threat, the government must prove that the defendant "appreciated the threatening nature of his statement and intended at least to convey the impression that the threat was a serious one." See United States v. Frederickson, 601 F.2d 1358, 1363 (8th Cir.), cert. denied, 444 U.S. 934 (1979). "If a reasonable recipient, familiar with the context of the communication, would interpret it as a threat, the issue should go to the jury." United States v. Bellrichard, 994 F.2d 1318, 1323-24 (8th Cir.) (quoted case omitted), cert. denied, 510 U.S. 928 (1993). In determining whether a reasonable person would feel threatened, we must review the "'totality of the circumstances in which the communication was made.'" See Whitfield,

31 F.3d at 749 (quoted case omitted). The letter here stated, "You . . . should live no longer" and "Someday . . . you will pay for your improper actions with your life"; it also indicated "change" was needed, "[b]y force if need be, . . . as we become your worst dream." We conclude that a reasonable recipient would have interpreted the letter as a threat of bodily harm, and that the letter contained sufficient unambiguous threatening language to support the jury's verdict. See United States v. Manning, 923 F.2d 83, 85 (8th Cir.) (language unambiguous and threatening under totality of circumstances), cert. denied, 501 U.S. 1234 (1991).

The government was also required to show that Mann made and mailed the threat against the President, or that he aided, abetted, induced, or caused the making and mailing of the threat. The documentary and testimonial evidence showed the following. The envelope was addressed to the Secret Service in Sioux Falls and bore a return address of "C. Fonseca #32339" handprinted above the address of the South Dakota State Penitentiary in Sioux Falls. The handprinted letter closed with the words "Group of Justice Reform, Chuck Mann." Mann admitted in an interview with a Secret Service agent that he knew about the letter and that he was a member of the Group of Justice Reform, which he described as an anti-government group. Mann, Fonseca, and Maguire had corresponded among themselves as to their plans to escape from the prison and their dislike of the President. In addition, evidence on the other counts included copies of three letters to the judges, which--like the letter to the President--had handprinted text in capital letters with "Chuck Mann" printed below; a handwriting expert testified that Mann had prepared the handprinting on those letters to the judges and that Fonseca had prepared the handprinting on the three corresponding envelopes. We believe a reasonable jury could have concluded that Mann placed or allowed his name to be placed on the threatening letter to the President, and that he either mailed the letter, or aided, abetted, induced, or caused Fonseca to mail it. See United States v. Marin-Cifuentes, 866 F.2d 988, 992 (8th Cir. 1989) (circumstantial evidence sufficient to prove elements of charge).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.