# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1469

_____

United States of America,                 *
                                          *
        Appellee,                 *    Appeal from the United States
                                          *    District Court for the District
    v.                                    *    of South Dakota.
                                          *
Larry Patzlaff,                           *         [UNPUBLISHED]
                                          *
        Appellant.                *

_____

Submitted:  August 22, 2002

Filed:  August 27, 2002

_____

Before HANSEN, Chief Judge, FAGG and BYE, Circuit Judges.

_____

PER CURIAM.

      Larry Patzlaff, an inmate at the South Dakota State Penitentiary (SDSP), sent threatening letters to the Honorable Charles B. Kornmann, a federal district judge, and Russell Janklow, an attorney and son of the South Dakota Governor.  The letter to Russell Janklow contained personal information about him, suggested he should be hung on a "tall tree" with a "short rope," and said, "Maybe there will be a necktie party with you as the special guest."  A jury convicted Patzlaff of mailing threatening

communications from prison in violation of 18 U.S.C. § 876, and the district court[*] sentenced Patzlaff to thirty-seven months in prison.  Patzlaff appeals, and we affirm.

Patzlaff first contends the government's failure to turn over the report of a postal inspector violated Brady v. Maryland, 373 U.S. 83, 87 (1963) (prosecution's suppression of evidence favorable to defense violates due process when evidence is material to guilt or punishment).  The postal inspector's report states the inspector met with Russell Janklow about the letter Patzlaff sent and Janklow was concerned about personal and private information contained in the letter and the indirect threat to him.  The report states the inspector also met with SDSP Sergeant Mary Rodasky, who said, among other things, that Patzlaff has been a difficult inmate who often engages in letter writing campaigns, that Patzlaff is mentally unstable, that Patzlaff is not a violent person, and that Patzlaff says he does not intend to contact any of his victims when he is released.  The inspector concluded that, in his opinion, the letter contained "veiled threats and not any direct threats of physical harm" to Janklow.

To succeed on his Brady claim, Patzlaff must show the report is material and favorable to him, the government suppressed the report, and the suppression prejudiced Patzlaff in that there is a reasonable probability Patzlaff would have been acquitted if the evidence had een disclosed.  United States v. Parker, 267 F.3d 839, 846 (8th Cir. 2001). We conclude the report did not contain any exculpatory or impeachment information material to Patzlaff's defense. The report did not contradict the trial testimony of Russell Janklow or Sergeant Rodasky, who Patzlaff called as his own witness.  Likewise, the opinions of the postal inspector and Sergeant Rodasky that the threat was indirect and that Patzlaff would probably not act on his threats were not material.   Whether the defendant has the subjective intent to carry out mailed threats is not relevant in a prosecution under § 876.  United States v.

_____

[*]The Honorable Lawrence L. Piersol, Chief Judge, United States District Court for the District of South Dakota.

-2-

Patrick, 117 F.3d 375, 377 (8th Cir. 1997).  The jury heard the content of the letter to Russell Janklow and it was their job to decide whether, under the totality of the circumstances, a reasonable recipient would interpret the letter as a threat.  United States v. Whitfield, 31 F.3d 747, 749 (8th Cir. 1994).  Based on the evidence, the jury found beyond a reasonable doubt that the letter contained one or more threats.  There is not a reasonable probability that disclosure of the postal inspector's report to Patzlaff would have changed the outcome of his trial.

Patzlaff also contends the district court committed error in admitting six unsent threatening letters he wrote to Governor Janklow as other bad acts under Federal Rule of Evidence 404(b).  Rule 404(b) is a rule of inclusion that allows a court to admit evidence of other bad acts unless the evidence tends to prove only the defendant's criminal disposition.  United States v. Campa-Fabela, 210 F.3d 837, 840 (8th Cir. 2000).  The district court has broad discretion to admit evidence under Rule 404(b) and we will overturn the ruling only if the evidence had no bearing on the case.  Id. Evidence of other bad acts is admissible when the evidence is relevant to a material issue, proved by a preponderance of the evidence, higher in probative value than in prejudicial effect, and similar in kind and close in time to the crime charged.  United States v. Loveless, 139 F.3d 587, 592 (8th Cir. 1998).

Having carefully reviewed the matter, we conclude the district court did not abuse its discretion in admitting the six unsent letters.  The district court concluded the unsent letters were material to the issues of whether Patzlaff's letters to Russell Janklow and Judge Kornmann were threatening and whether Patzlaff acted knowingly; were proven by a preponderance of the evidence; were more probative than prejudicial; and were similar in kind and close in time to the crimes charged.  Id. Immediately after the letters were admitted, the district court gave a proper limiting instruction, telling the jury not to use the evidence as proof of the acts charged in the indictment.  See id. at 593.

We thus affirm Patzlaff's conviction.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.